WILLIAM BRANNAN *et al.*

*v.*

JOHN G. ADAMS.

| 76 | 331 |
|---|---|
| 24a | 503 |
| 76 | 331 |
| 146 | 134 |
| 76 | 331 |
| 78a | 216 |
| 76 | 331 |
| 201 | 56 |
| 76 | 331 |
| e210 | ²359 |
| 210 | º360 |
| 111a | ⁶215 |

1. INTOXICATING LIQUOR—*civil liability of seller to person caring for intoxicated party.* A saloon-keeper or other person who sells liquors and makes another drunk, is liable, under the act of 1872, in the first place to pay a reasonable sum for taking care of such person until he becomes sober, and the penalty of $2 a day for taking care of him after he becomes sober, if his drunkenness cause him to become sick, or he, while drunk, and in consequence thereof, injures himself so as to require others to care for him, on account of his inability to do so for himself.

2. If a party sells another liquor that makes him drunk, and while drunk from the liquor so sold him, and in consequence of his intoxication, falls and breaks his leg, so that it becomes necessary for some one to take care of him until he recovers, the party who does so care for him will be entitled to recover of the seller of the liquor, but such recovery will be limited to the time the injured person is unable to take care of himself.

3. SAME—*whether the liquor sold was the cause of the injury.* If the person intoxicated had recovered from the effects of the liquor sold him

by the defendant, and was sober at the time of breaking his leg, or if he became sober and then got drunk on liquor procured from others before the accident, then the defendant will not be liable.

4. SAME—*evidence on the question.* Where it did not appear that a person receiving an injury while drunk, at five or six o'clock in the afternoon, which made it necessary to care for him, had drunk at the defendant's saloon after ten or eleven o'clock in the forenoon of that day, it was *held* error to refuse proof offered by the defendant to show how long it usually requires an intoxicated person to get sober when he drinks no other liquor. Any evidence tending to show that the person had become sober before the accident, or was made drunk by liquor obtained from some one other than the defendant, is admissible and proper.

5. SAME—*act construed—distinction between sale and gift of the liquor.* The fourth section of the act of January 13, 1872, relating to intoxicating liquors, provides only for the penalty of $2 per day for taking care of one disabled, in cases where the liquor that produced the intoxication is *sold.* It has provided no penalty for causing intoxication by *giving* liquor to be drunk. It is, therefore, error for the court, in a suit to recover the penalty given for taking care of such disabled person, to instruct the jury that they may find for the plaintiff if the defendant sold or *gave* the liquor to such person.

6. SAME—*evidence as to what it was worth to care for disabled party.* A suit to recover for taking care of a person injured while drunk, from the party selling the liquor which produced the intoxication, is a penal action, and no more than the penalty given can be recovered, and, therefore, it seems that evidence of what it was worth per day to care for such person after he became sober, is improper.

APPEAL from the Circuit Court of Menard county; the Hon. LYMAN LACEY, Judge, presiding.

This was an action of debt, by John G. Adams against William Brannan, Dabney Hall, Frank Bryant and Danville F. Bryant. The following is a copy of the declaration, omitting the caption:

"John G. Adams, the plaintiff, by Fullerton and Rogers, his attorneys, comes and complains of William Brannan, Dabney Hall, Frank Bryant and Danville F. Bryant, the defendants, of a plea that they render to the plaintiff the sum of $2000 which they owe to, and unjustly detain from him.

For that, whereas, the defendants, on the 19th day of January, A. D. 1873, in Mason City, in the said county of Mason, by the sale of intoxicating liquors, did cause the intoxication of one Samuel Mitchell, and thereupon, and by reason of said intoxication, the said Samuel Mitchell fell in the street and broke his leg, and thereupon the plaintiff, then and there, took charge of and provided for the said Samuel Mitchell, he being so intoxicated, as aforesaid, and with his leg broken, as aforesaid, in consequence of such intoxication as aforesaid; and kept him, the said Samuel Mitchell, in consequence of such intoxication, and by reason of said leg being broken in consequence of such intoxication, for the space of two hundred days from and including the day aforesaid. By means whereof, and by force of the statute in such case made and provided, an action has accrued to the plaintiff to demand of the defendants a reasonable compensation for so taking charge of and providing for the said Samuel Mitchell, as aforesaid, which said reasonable compensation amounts to the sum of $1600, parcel of the said sum of money above demanded; and also the sum of $2 for each day the said Samuel Mitchell was so kept by the plaintiff as aforesaid, amounting to the further sum of $400, residue of the said sum of money above demanded. Yet the defendants, though requested, have not paid to the plaintiff the said sum of $2000, above demanded, or any part thereof, but refuse so to do, to the damage of the plaintiff of $2000, and therefore he brings this suit," etc.

The defendants filed the plea of *nil debet*, to which the plaintiff added the *similiter*. The cause was tried by a jury, who returned a verdict for the plaintiff for $248, upon which judgment was rendered. The defendants appealed, and assigned for error the giving of improper instructions for the plaintiff, the refusing instructions asked by defendants, the admission of improper evidence for the plaintiff, the rejection of testimony offered by the defendants, and the overruling of a motion for a new trial.

Messrs. DEARBORN & CAMPBELL, for the appellants.

Mr. E. A. WALLACE, and Messrs. FULLERTON & ROGERS, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

In this suit, appellee claimed to recover of appellants, who were saloon-keepers, and, as he claims, sold liquor to one Mitchell, and made him drunk, whereby he fell and broke his leg, and in consequence of which appellee kept and cared for him until his leg became healed and well. A recovery is claimed under the fourth section of the act of January 13, 1872. It provides that, if any person, with or without a license, shall cause, by the sale of intoxicating liquors, the intoxication of another person, the person thus selling shall be liable to pay a reasonable compensation to any person who may take charge of and provide for such intoxicated person, and $2 per day in addition thereto for every day such person shall be kept in consequence of such intoxication.

Appellants claim that they have incurred no liability under this section, because Mitchell obtained no liquor of them after ten or eleven o'clock in the forenoon, and he was not found with his leg broken until about five or six in the afternoon. They insist that if they did sell him spirits in the forenoon that made him drunk, still that intoxication did not cause him to break his leg. Or even if it did, that the injury was too remote, as they were only liable for damages for taking care of him until he became sober. As to this last proposition, we are clearly of the opinion that a saloon-keeper, or other person who sells liquor and makes another drunk, is liable, in the first place, to pay a reasonable sum for taking care of the person until he becomes sober, and the penalty of $2 a day for taking care of him after he becomes sober, if his drunkenness cause him to become sick, or he, whilst drunk, and in consequence thereof, injures himself so

as to require others to care for him on account of his inability to do so for himself.

This, although the language of the section is not free from doubt, seems to be the true construction. The language evidently contemplates two conditions in which the person cared for may be. The first is manifestly simply to take charge of and provide for him whilst drunk. For that, a reasonable compensation is allowed. Then what is the other condition? It would seem to be for necessarily keeping him in consequence of such drunkenness. If sickness ensue from and as a consequence of such drunkenness, or if, whilst drunk, he should injure himself, or become disabled, as a consequence of his drunkenness, and it thereby became necessary that care should be bestowed upon him, then the person doing so would be entitled to $2 a day during, and only during, the time that such care should be necessary. This, it seems to us, is the fair and reasonable construction of the statute.

The provision is humane in its purposes. It was, as one of its purposes, to provide for a class of persons who have become slaves to their appetites, and who, when they have spent all of their money, and have been cast forth and out of doors into inclement weather, shall still have credit to insure them protection from the winter's blast until they become sober, if humane persons shall be inclined to take charge of them. It is intended as an inducement to other persons to afford assistance, and prevent injury or perhaps death to the person thus paralyzed to such an extent as to render them incapable of taking care of themselves. And it is manifestly the policy of the law to render the person who sold the liquor liable for the expense of rendering such assistance. If the person who sells the liquor wishes to avoid the liability, he should refuse to sell it, or having sold it, he should take charge of, and render the assistance to the person he has made drunk and not leave it to others.

If these appellants sold Mitchell liquor that made him drunk, and whilst drunk from the liquor they sold him, and

as a consequence thereof, he fell and broke his leg, and by reason thereof it became necessary that appellee, or some other person, should take charge of him and to be kept by him until he recovered, and appellee did so care for him, he is entitled to recover; but not for any time after Mitchell became able to take care of himself.

As to the first proposition, if the drunkenness caused by appellants had ceased when the accident occurred, then appellants were not liable. If he had recovered from the effects of the liquor sold by them, and was sober at the time, or if he became sober and then got drunk on liquor procured from others, appellants are not liable. To recover, it must be shown that the intoxication was produced by appellants, which led to the accident; and inasmuch as it is not shown that Mitchell drank at appellants' saloon after ten or eleven o'clock in the forenoon, it became an important question to learn whether he would be sober, or the effects of that liquor had passed off, at five or six o'clock in the afternoon. In view, then, of these facts, it was proper to admit any evidence which would tend to establish the truth on this point; and we think, as there was no evidence showing directly whether he was drunk or sober, it was error in the court below to reject the proof offered to show how long it usually requires for an intoxicated person to get sober when no other liquor is drunk. This evidence might not prove that he was sober or that he was then drunk, but it would tend to prove the fact. It is not a legal conclusion that a drunken person will become sober in six or seven hours, but it is a fact which, if true, must be found by the jury. We can not judicially know whether the proposition is true or untrue; nor can we know that a jury can certainly determine from their own observation and experience. Hence, they should be permitted to hear evidence to aid them in determining the question. This evidence should have been admitted.

This evidence was proper for another purpose. If the jury found for plaintiff, it was important that they should know

when Mitchell recovered from the drunkenness caused by appellants, so as to fix a fair and reasonable amount of compensation for taking charge of him whilst he was drunk. This was a question involved in the trial, and hence the pertinency of the evidence.

This is a penal action, and, to recover, the plaintiff must clearly bring himself within the terms of the statute. Now, the section under which this recovery is sought, provides only for the penalty in cases where the liquor is sold which produces the intoxication. It has provided no penalty for causing intoxication by giving liquor to be drunk. In all penal statutes a recovery can only be had for the cases provided for in the statute. Courts are not warranted in extending them to other cases not named or embraced in the statute. In this, the construction is the same as in criminal statutes. Hence, the court erred in telling the jury that they might find for plaintiff if appellants sold or gave the liquor to Mitchell, etc.

Again, we are not satisfied with the sum found by the jury, on the evidence in the record. Appellee testified that Mitchell was not able to get around for about nine weeks after his leg was broken, and it was almost two weeks after he could walk before he could wholly help himself. From this we infer that witness intended to be understood as saying, Mitchell could walk when he could "get around," at the end of nine weeks. If he "got around" in some other manner, he would, we presume, have explained the manner. If this is so, then in two weeks after, or at the end of eleven weeks, he was able to "wholly help himself," and at that time all necessity ceased for appellee to take care of and support him. If such was the fact, then appellee could only recover $2 a day for that time as penalty ; but the jury have allowed for four months at that rate. It is true, that appellee testified that he had kept him four months after his leg was broken, but we fail to find any satisfactory evidence that it was necessary

22—76TH ILL.

to keep him such a length of time ; but the evidence tends to show that it was not necessary after eleven weeks.

There was other evidence admitted, tending to show that it was worth four or five dollars a day to keep and take care of Mitchell, and it may be that the jury took that evidence into consideration in finding their verdict. This is a penal and statutory action, and no more than the penalty given can be recovered for each day, without reference to whether the service is worth but half or double the sum fixed by the statute. We are strongly inclined to think this evidence may have improperly influenced the jury.

For the errors indicated, the judgment of the court below must be reversed, and the cause remanded.

*Judgment reversed.*