WILLIAM BARKS ET AL.

v.

DELILAH WOODRUFF.

</div>

1. STATEMENT—INJURY TO WIFE'S PROPERTY CAUSED BY HUSBAND'S INTOXICATION.—Appellee's husband drove to Princeton on Saturday morning, with a team, one of the horses of which belonged to appellee. He became intoxicated from liquor received at B. & K.'s saloon and elsewhere. On Saturday evening he was put in the sled and started for home. When he had driven some eighty rods, he fell out of the sled and the team strayed away. He passed the night at D.'s, and Sunday morning was quite sober, but obtained liquor from W. B.'s drug store and elsewhere, and became intoxicated again. He passed that night and the following morning at S.'s. The weather was quite mild until Sunday night when a snow storm set in and it was very cold. Monday afternoon appellee's husband, on his way home,

Barks et al. v. Woodruff.

found the team frozen to death in a snow-drift.  Action was brought by appellee against B. & K. and W. B. and others, for injury to her property and means of support by the intoxication of her husband.  Upon the trial appellee did not claim any damages on account of her husband's intemperate habit, and the joint judgment found against B. & K. and W. B. was manifestly for the loss of her horse and of her interest, as a means of support, in the use of the team.

2.  DIRECT AND PROXIMATE EFFECT—DECLARATION NOT SUPPORTED BY EVIDENCE.—Since appellee's husband was sober on Sunday morning, and therefore capable of recovering the team and preventing its exposure to the storm that followed, if his failure to do this was due to the subsequent and distinct intoxication of Sunday, appellee can not recover, under the declaration, against any of the appellants, even although they all contributed to the intoxication, for that is not the wrong alleged.  But if the destruction of the team was proximately due to the intoxication of Saturday, as alleged in the declaration, as appellant W. B. did not contribute to that intoxication the verdict against him was wholly unsupported by evidence, and being joint should, for that reason, have been set aside.

APPEAL from the Circuit Court of Bureau county; the Hon. F. GOODSPEED, Judge, presiding.  Opinion filed December 28, 1882.

Mr. W. L. HENDERSON, Mr. R. R. GIBONS and Messrs. ECK-ELS & KYLE, for appellants; that a case clearly within the terms of the statute must be shown, cited Hoard v. Peck, 56 Barb. 202; Brannan v. Adams, 76 Ill. 331.

Every element implied in the statute must be supported by a preponderance of evidence: Hall v. Barnes, 82 Ill. 328; Mead v. Stratton, 8 Hun, 148; Badge v. Hughes, 53 N. H. 14; Robison v. Randall, 82 Ill. 521.

As to what constitutes the cause of action: Emory v. Addis, 71 Ill. 273.

A penal statute should receive a strict construction: Fentz v. Meadows, 72 Ill. 541.

Messrs. SKINNER BROTHERS, for appellee; that the evidence is not required to be clear, positive and specific as to time, place and manner and each item of loss to authorize the jury to find injury to the support, etc., cited Horn v. Smith, 77 Ill. 333; Hall v. Barnes, 82 Ill. 329.

Party can recover although the intoxicating liquor alone of itself, did not do the whole injury: Schroder v. Crawford, 94 Ill. 361; Emory v. Addis, 71 Ill. 277; Hackett v. Smelsley, 77 Ill. 117.

Unless the finding of the jury is so manifestly against the weight of evidence as to evince passion, prejudice or partiality the verdict will not be set aside: Cohen v. Schick, 6 Bradwell, 282; Calvert v. Carpenter, 96 Ill. 67.

PLEASANTS, J.   Case by appellee against appellants Barks and Kies and William Banschbank, together with Woodruff Brothers, for injury to her property and means of support by the intoxication of her husband.

The declaration consisting of one count, largely copied from one filed in Hackett v. Smelsley, 77 Ill. 109, alleges that the defendants on the 26th and 27th days of February, 1881, and on divers other days before then, severally and respectively sold and gave to Nathan S. Woodruff, plaintiff's husband, intoxicating liquors in divers quantities, which caused him to be drunk, and being so habitually, he squandered his means, became degraded in mind and body, and finally unfitted for and neglectful of business, whereby he might have earned support for plaintiff and their minor daughters, and that in further consequence of such drunkenness, on the 26th day of February, 1881, being then in a state of intoxication so caused by the defendants and by reason thereof being in such mental condition as to be unable to perceive or apprehend danger from physical or other causes, he undertook and attempted to drive a team of horses harnessed to a pair of bob-sleds from the town of Princeton to the place of his residence, four miles distant, and by reason of his intoxication, caused as aforesaid, fell out of and off from said bob-sleds, thereby enabling said team to wander along the highway without driver or guidance, and was so drunk and so stunned and injured by said fall that he could not regain control of himself and follow up and recover said team or request any one else to do so, and that said team so wandering along the highway, then filled with great banks of snow to the depth of five or six

Barks et al. v. Woodruff.

feet, ran upon and into them and became entangled, wearied and unable to get out, and the weather being then stormy and very cold, there chilled, froze, perished and died while so entangled and while said Nathan was intoxicated as aforesaid, and that one of said horses was the property of the plaintiff. On the trial upon the general issue, the defendants Woodruff Brothers were found not guilty and the others guilty. A motion by the latter for a new trial was overruled and judgment entered on the verdict against them jointly for $148.33 damages.

The evidence as preserved in the record establishes these facts: Plaintiff and her husband resided on her farm about four miles from Princeton. On the morning of Saturday the 26th day of February, 1881, he went with the team for coal to a neighboring bank; but finding others there before him concluded, after indulging in some cider, to drive over to town. Arriving there before noon he drank beer and whisky at the saloon of appellants Banks and Kies and elsewhere until he became quite drunk. In that condition between six and seven o'clock in the evening he was put in the sled and started for home, but when he had driven some eighty rods fell out and was considerably bruised though not seriously hurt. He says the next thing he remembers is his being at Dolan's restaurant and boarding house in Princeton, where he passed the night. On the following morning he was entirely sober; but soon began to drink again and then for the first time obtained intoxicating liquor of appellant Banschbank, who kept a drug store. He remained in town and continued to drink from time to time until near four o'clock in the afternoon, when he undertook to go home afoot.

Some time between five and six he reached the house of William Smith, which was about half way. According to his own testimony he was then too drunk to go further, but Smith states that he could not say Woodruff was then drunk, and that he very politely asked permission to remain all night. He did remain over night and until after dinner on Monday the 28th.

On Saturday and Sunday, until some hours after he reached

Smith's house, the weather was mild and the road in fair con-
dition, but during Sunday night it became cold and there was
a heavy storm of snow and wind, so that on Monday morning
the highway was in many places drifted full and travel
stopped.   In the afternoon, however, Woodruff resumed his
journey, and at a point about forty rods from his place dis-
covered the head of one of his horses "sticking up" through
a snow bank within the highway.   He supposed that the
other had got loose and gone home, but it was soon after
found buried in the snow beside its mate and both were dead.
One of them was the property of the plaintiff worth about
$100, and the two constituted the only team on the farm.

Although it appears that plaintiff's husband had been
for years an intemperate man there was no evidence of any
definite injury to her property or means of support by reason
thereof; nor is it understood that on the trial she claimed any
damages on account of his habit.   The amount found was
manifestly for the loss of her horse and of her interest in
t'ie use of the team as a means of support.

We are of opinion that by a fair construction of the declara-
tion, of which the material portions are above given in its own
language, the only other wrong alleged was his intoxication
when he fell out of the sled, and the resulting injury, the es-
cape of the team from his control and its running into the
snow-drift whereby it perished.   These consequences are alike
stated as the direct and proximate effect of that particular in-
toxication.   And such only would entitle her in this case to
recover: Schmidt v. Mitchell, 84 Ill. 195, and authorities there
cited.   But since the escape occurred on Saturday evening,
when there was no snow-drift nor any reason to anticipate it,
and the running into it took place on the night following or
perhaps even later, it may be questioned whether there was
such a necessary, natural or probable connection between
them as would justify their reference, as proximate effects, to
a common cause.   Woodruff was sober on Sunday morning,
and therefore, notwithstanding his previous intoxication, was
then fully capable of recovering the team and preventing its
exposure to the storm that followed.   See Brannan v. Adams,

76 Ill. 331; Shugart v. Egan, 83 Ill. 56; Schmidt v. Mitchell, 84 Ill. 195.

If his failure to do it was due to a subsequent and distinct intoxication, the plaintiff could not recover under this declaration, against any of the defendants, even though they all contributed to it, since that was not the wrong alleged.

But if the destruction of the team was proximately due to the intoxication of Saturday, as alleged, it is shown beyond controversy that the defendant Banschbank did not contribute to it. The verdict then as against him was wholly unsupported by evidence, and being joint should for that reason have been set aside: Van Vleck v. Grund, 69 Ill. 478.

For the error in overruling the motion for a new trial the judgment is reversed and the cause remanded.

<div align="right">Reversed and remanded.</div>