HENRY GERKE

*v.*

JOHN FANCHER.

*Filed at Mt. Vernon October 16, 1895.*

1. PLEADING—*failure of declaration to allege due care by plaintiff—effect of verdict.* A declaration in an action for negligence which fails to allege expressly that plaintiff was in the exercise of due care, although it alleges that fact argumentatively, may be held sufficient on motion in arrest of judgment or on error, since the defect is cured by verdict.

2. SAME—*how defect in declaration may be reached.* A defect in a declaration cannot be reached by a request for a peremptory instruction to find for the defendant.

3. TRIAL—*what will defeat a request for peremptory instruction.* Any evidence tending to charge defendant's servants with negligence is sufficient, in an action for negligence, to defeat a request for a peremptory instruction in defendant's favor, even if there is evidence the other way.

4. SAME—*when a defective instruction is not bad.* An instruction which, by hypercritical construction, may be held to assume a fact, is not bad if the jury would be likely to understand it as submitting the whole matter to them, in the light to be found from the evidence.

5. APPEALS AND ERRORS—*when assumption of fact by instruction is not error.* An assumption of a fact by an instruction is not error if the fact assumed was proved without material contradiction.

*Gerke* v. *Fancher*, 57 Ill. App. 651, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the City Court of East St. Louis; the Hon. B. H. CANBY, Judge, presiding.

MILLS & FLITCRAFT, and MESSICK & RHOADS, for appellant:

It is necessary, in an action for negligence, for the plaintiff to both allege and prove that at the time the injury occurred he was exercising due care and diligence. *Calumet Iron, etc. Co.* v. *Martin,* 115 Ill. 368, and cases cited.

If the declaration fails to allege due care and diligence it is a statement of a defective cause of action, and therefore is not cured by verdict. A verdict will aid a defective statement of title. It will never assist a statement of a defective title or cause of action. *Railroad Co.* v. *Hines,* 132 Ill. 166; *Bowman* v. *People,* 114 id. 474; *Shreffler* v. *Nadelhoffer,* 133 id. 549; *Joliet Steel Co.* v. *Shields,* 134 id. 214.

No evidence will sustain a verdict that does not find support in such allegations. The *allegata et probata* must agree. *Rock Island* v. *Cuinely,* 126 Ill. 411; *Railroad Co.* v. *Bell,* 112 id. 365; Gould's Pl. p. 463, sec. 13.

Negligence consists in (1) a duty to use care; and (2) a breach of that duty. In actionable negligence there must concur, (1) a damage to plaintiff; and (2) a natural and continued sequence, uninterruptedly connecting the breach of duty with the damage. Shearman & Redfield on Negligence, (4th ed.) p. 4, sec. 5; Cooley on Torts, p. 69.

An instruction to find for defendant has been held by our courts to be, in effect, a demurrer to the evidence—a substitute for a demurrer to the evidence. *Railway Co.* v. *Velie,* 140 Ill. 59.

Variance between an agreement declared on and the declaration should be taken advantage of by a demurrer to evidence. *Pearson* v. *Lee,* 1 Scam. 193; *Ransom* v. *McCurley,* 140 Ill. 626.

JESSE M. FREELS, for appellee:

Motions to exclude the entire evidence from the jury, and motions to instruct the jury to find for the defendant, are in the nature of demurrers to evidence, in that they admit not only all that the testimony of the plaintiff

proves, but also all that it tends to prove. *Bartlett* v. *International Bank*, 119 Ill. 269; *Railway Co.* v. *Velie*, 140 id. 59; *Geary* v. *Bangs*, 138 id. 82.

Where there is evidence which tends to show the liability of the defendant, this will be sufficient to justify the submission of that question to the jury. *Railroad Co.* v. *Ross*, 142 Ill. 11.

Where there is evidence before the jury on which a verdict might rest, as in the case at bar, it is the duty of the court to refuse an instruction to find for defendant. *Railway Co.* v. *O'Conner*, 115 Ill. 256; *Railway Co.* v. *Johnsen*, 135 id. 647; *Railroad Co.* v. *Brown*, 123 id. 185; *Railway Co.* v. *Kemper*, 124 id. 457; *Fanter* v. *Clark*, 15 Ill. App. 472.

If the evidence fairly tends to establish the plaintiff's right to recover, it is for the jury to say what weight the evidence is entitled to, and whether sufficient to sustain the action. *Railway Co.* v. *Snyder*, 128 Ill. 655; *Railway Co.* v. *Dunleavy*, 129 id. 140; *People* v. *Ins. Exchange*, 126 id. 466.

Our Supreme Court say: "If the contention be true and the variance existed, the objection came too late for the first time in the Appellate Court." *Chicago* v. *Moore*, 139 Ill. 209.

The objection must be specifically made on the trial. *Foltz* v. *Hardin*, 139 Ill. 405; *Libby* v. *Scherman*, 146 id. 542.

The alleged defect in the declaration does not exist. But even if it did, it would only be a defect in the statement of a good and valid cause of action, and would, therefore, have been cured after verdict, and could not now be availed of in this court. *Stone Co.* v. *Whalen*, 151 Ill. 475; *Shreffler* v. *Nadelhoffer*, 133 id. 536; *Railroad Co.* v. *Feehan*, 149 id. 209; *Helmuth* v. *Bell*, 150 id. 268.

Mr. JUSTICE BAILEY delivered the opinion of the court:

This was an action on the case, brought by John Fancher, against Henry Gerke, to recover damages for a personal injury. The cause was tried by a jury on a plea of not guilty, and a verdict rendered finding the defendant

guilty and assessing the plaintiff's damages at $1500. The court, after denying the defendant's motion for a new trial, gave judgment in favor of the plaintiff for $1500 and costs. That judgment having been affirmed by the Appellate Court on appeal, the cause is brought to this court on appeal from the judgment of affirmance.

The declaration, which consists of but one count, alleges, in substance, that on February 15, 1892,—the day preceding the night on which the plaintiff was injured,— the St. Louis, Alton and Terre Haute Railroad Company was operating a railroad through St. Clair county and through a part of the city of East St. Louis, and also certain railroad yards for coal and freight; that the plaintiff was then in the employ of that company as a switchman in its yards in East St. Louis; that the defendant was then engaged in the coal business, and had servants and teams in his employ in hauling coal from coal cars in the yards of the railroad company and transporting it across the Mississippi river to the city of St. Louis; that it was the duty of the defendant, by his servants, to use ordinary care and prudence, in the prosecution of his business of hauling and transporting coal from the coal cars and coal yards of the railroad company, to prevent injury to the employees and servants of the railroad company, and especially to the plaintiff, but the plaintiff alleges that the defendant, by his servants, wholly disregarded his duty in this behalf, and negligently and recklessly placed a long, heavy oak plank or piece of timber, about sixteen feet long, twelve inches wide and three inches thick, near to and by the side of one of the railroad tracks of the railroad company in its coal yards, the timber or plank being one which the defendant's servants had been using to pry up one of the wheels of one of the heavy coal wagons of the defendant which had sunk in the mud or soft ground by one of the railroad tracks of the company, and that the defendant's servants negligently and recklessly left the piece of timber, with one end buried in the

mud, where they had been so using it, and the other end elevated considerably above the surface of the ground and pointed towards the railroad track, so that the end of it came so dangerously near the side of the track and above the surface thereof that it caught and injured the plaintiff, as hereinafter stated. It is further alleged, that in the discharge of his duty as switchman, at about three o'clock at night or in the morning of February 16, 1892, the plaintiff was standing on the side of his car or engine, where it was his duty to be, and while he was passing along the track on his car or engine by the place where the timber was so negligently left by the defendant's servants, and without any notice or warning of danger, and without any knowledge or notice of the presence or position of the timber, his right leg, just below the knee, was brought into contact with the elevated end of the timber so negligently placed and left there by the servants of the defendant, and his leg was by the timber pressed against the side of the car or engine, and mashed, crushed and torn open, and its strength and usefulness almost wholly destroyed, and the plaintiff thereby greatly and permanently injured.

The first ground upon which the defendant seeks to have the judgment reversed is, that the declaration is insufficient and defective, in that it fails to allege that the plaintiff, at the time of his injury, was in the exercise of reasonable care. No demurrer to the declaration was filed in the trial court, nor was the sufficiency of the declaration challenged by motion in arrest of judgment, and consequently the alleged defect in that pleading is now sought to be taken advantage of for the first time by assignment of error in this court.

It is the well settled rule in this State, that before a plaintiff can recover damages for an injury caused by the defendant's negligence he must aver and prove the absence of contributory negligence on his own part,—in other words, he must allege and prove that he was him-

self in the exercise of due care. (*Chicago, Burlington and Quincy Railroad Co.* v. *Hazzard*, 26 Ill. 373.) The declaration contains no allegation, in express terms, that the plaintiff was in the exercise of 'due care, although that fact is, as we think, alleged argumentatively, and the question is whether the defect is one that was cured by verdict.

Before verdict the intendments are against the pleader, and upon demurrer to a declaration nothing will suffice, by way of inference or implication, in his favor. But on motion in arrest of judgment—and the same thing is true where the defect is sought to be availed of on error—the court will intend that every material fact alleged in the declaration, or fairly and reasonably inferable from what is alleged, was proved at the trial, and if, from the issue, the fact omitted and fairly inferable from the facts stated in the declaration may fairly be presumed to have been proved, the judgment will not be arrested. (*Pennsylvania Co.* v. *Ellett*, 132 Ill. 654.) The rule on this subject as laid down by Gould in his treatise on Pleading, is as follows: "When the statement of the plaintiff's cause of action, and that only, is defective and inaccurate, the defect is cured by a general verdict in his favor, because, to entitle him to recover, all circumstances necessary, in form or substance, to complete a title so imperfectly stated must be proved at the trial, and it is therefore a fair presumption that they are proved. But where no cause of action is stated the omission is not cured by verdict, for as no right of recovery was necessary to be proved or could have been legally proved under such a declaration, there can be no ground for presuming that it was proved at the trial." (Gould's Pl. 463.) The rule as laid down by Chitty is, that a verdict will aid a defective statement of title, but will never assist a statement of a defective title or cause of action, or, stating the rule more fully, the same author says: "Where there is any defect, imperfection or omission in any pleading, whether in substance or in

form, which would have been a fatal objection upon demurrer, yet if the issue joined be such as necessarily required, on the trial, proof of the facts so defectively stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give or that the jury would have given the verdict, such defect, imperfection or omission is cured by verdict." 1 Chitty's Pl. 712, 713. See, also, *Western Stone Co.* v. *Whalen,* 151 Ill. 472; *Matson* v. *Swanson,* 131 id. 255; *City of LaSalle* v. *Porterfield,* 138 id. 114; *Shreffler* v. *Nadelhoffer,* 133 id. 536; *Chicago and Eastern Illinois Railroad Co.* v. *Hines,* 132 id. 161; *Bowman* v. *People,* 114 id. 474.

It is unnecessary for us to determine how the case would have stood, or whether the defect would have been fatal on error, if the declaration had been silent as to the conduct of the plaintiff at the time of his injury. While it fails to state, in terms, that he was in the exercise of due care, yet it states facts from which the plaintiff's freedom from contributory negligence may be inferred. It avers that the injury took place in the night time; that the plaintiff had no knowledge or notice of the presence or position of the timber by which he was injured; that he was injured in the performance of his duties as switchman, and that when struck by the timber and injured he was riding on the side of his car or engine, where it was his duty to be. While these averments may not be in all respects tantamount to an averment that the plaintiff was in the exercise of due care, they tend to show its exercise, and if sustained by proof would, as we think, have justified the jury in finding that the plaintiff was free from contributory negligence. In view, then, of the presumptions in favor of the plaintiff which arise after verdict, we are disposed to think that, on motion in arrest of judgment or on error, the declaration must be held to be sufficient.

It is also insisted that the court erred in denying the defendant's request to instruct the jury peremptorily to

find a verdict in his favor. That motion was based, first, upon the supposed defect in the declaration already discussed; and second, upon the claim that there was an entire absence of evidence tending to charge the defendant's servants with negligence. As to the first of these grounds; it may be remarked, in addition to what has already been said, that a motion to instruct the jury to find a verdict for the defendant is in the nature of a demurrer to the evidence, and raises the question whether the evidence, admitting all that it proves or tends to prove, is insufficient to warrant a recovery. It is therefore difficult to see how a defect in the declaration can be reached in that manner. If the declaration is defective the point may be raised by demurrer, or if the defect is one which is not cured by verdict it may be raised on motion in arrest of judgment or on error, but such defect can not be reached by demurrer to the evidence.

As to the second point, we think there was evidence tending to show negligence on the part of the servants of the defendant. The evidence tends to show that a wagon belonging to the defendant, loaded with coal and in charge of one or more of his servants, became stuck in the mud or soft earth a few feet from the railroad track; that the defendant's servants, being unable to extricate the wagon from the mud, called to their assistance other persons, who, with their teams, were also engaged in hauling coal, and that in their endeavors to raise the wheel of the defendant's wagon from the mud they procured the oak plank or timber in question, and endeavored, by means of it, to pry the wheel up, but were unsuccessful; that at about five o'clock, which at that season of the year must have been after it had become or begun to grow dark, they abandoned further attempts to extricate the wagon that day and left it where it was. The evidence as to what was done with the plank or timber when they left is conflicting. The plaintiff's contention is, that it was left and allowed to remain with

one end deeply imbedded in the mud or earth under the wheel where it had been used as a lever, and with the other end extending obliquely towards the track and reaching to a point a few inches therefrom, and elevated about two and one-half feet above the ground. No witness testifies to seeing the defendant's servants place or leave the plank in that position, but a witness who was on the ground an hour or an hour and a half after they left the wagon found it in the position above stated, and it is shown to have remained there during the night, the plaintiff having received his injury from it about three o'clock in the morning, and it was there in the same place the next morning, and the evidence tends to show that it was so firmly imbedded in the earth that a span of mules could not pull it out, and that it was finally extricated by the aid of a locomotive engine. The fair inference from this evidence is, that the plank was placed and left in the position in which it was when the plaintiff received his injury, by the defendant's servants. It is true, two or three witnesses swear that they took the plank up and laid it down on the ground when they left the wagon, but their testimony only raised a conflict in the evidence which it was the province of the jury to settle. On motion for a peremptory instruction to the jury to find a verdict for the defendant, the question is whether there was any evidence tending to charge the defendant's servants with negligence, and the fact that there was evidence the other way is unimportant.

Complaint is made of the following instruction given to the jury at the instance of the plaintiff:

"The court instructs the jury, that if they believe, from the evidence, that prior to and on the 15th day of February, 1892, the defendant was engaged in the coal business, and had servants and coal teams engaged in hauling and transferring coal in and from the railroad coal yards of the St. Louis, Alton and Terre Haute Railroad Company in the city of East St. Louis to the city of

St. Louis, in the State of Missouri, and that on said 15th day of February, 1892, the servants of the defendant, about five or six o'clock in the evening of that day, left one of said coal wagons of the defendant by the side of one of the said tracks of said railroad company all night, and also negligently left then and there for such time a long, heavy, oak plank or piece of timber about sixteen feet long, twelve inches wide and three inches thick, with one end buried in the ground and the other elevated above the surface of the ground and pointing towards said track, and reaching near the side of said track and above the surface thereof, as alleged in plaintiff's declaration, and that the plaintiff, while in the due discharge of his duty that night as a switchman in the service of said railroad company, with due and ordinary care for his personal safety and to prevent injury, and without any notice of the presence or position of said timber, and while standing on the side of a car where it was his duty to be, and using due and ordinary care as aforesaid, was brought in contact with the elevated end of said timber so negligently placed and left there by the servants of the defendant, as aforesaid, and his right leg was by said timber caught and pinned against the side of said car, and the plaintiff was thereby then and there injured in consequence of the negligence of the defendant, as alleged in the said declaration, then the jury will find for the plaintiff, and assess his damages at such sum as you believe, from the evidence, to be just compensation for the injury he has so sustained, not, however, to exceed $5000, the amount sued for."

It is urged that this instruction was erroneous for the reason that there was no evidence to support it. This point has already been sufficiently answered. It is also insisted that it is erroneous for the reason that it makes the exercise of ordinary care by the plaintiff a part of its hypothesis, while, under the declaration, all evidence on that subject was inadmissible. That contention also has

been sufficiently considered and shown to be untenable. The only other objection urged to the instruction is, that it assumes that the plaintiff, while standing on the side of the car, was where it was his duty to be. It may be that the phrase in the instruction thus pointed out is not as felicitously worded as it might have been, and that by a hypercritical construction it might be held to assume the fact as contended. But we think it would scarcely occur to the ordinary reader that any part of the passage complained of was intended to be the language of assumption rather than that of hypothesis. The jury would doubtless be likely to understand it as submitting the whole matter to them, to be found from the evidence, and would not be misled into supposing that any portion of the matters thus submitted was intended to be assumed as true.

But even if the instruction is subject to the criticism attempted to be made upon it, we do not think that the defendant was in any manner prejudiced thereby. The testimony on that point was all one way, and showed, without material contradiction, that the place where the plaintiff was riding, at the time he was injured, was the usual place for the switchman to ride under like circumstances, and that it was the proper place for him to be. There being no conflict of evidence on that point, the assumption by the court of the fact thus proved by all the evidence could not have been materially prejudicial to the defendant.

We have carefully examined the whole record, and are of the opinion that none of the assignments of error can be sustained. The judgment will therefore be affirmed.

*Judgment affirmed.*