## Frank Johnson v. Illinois Central Railroad Company.

1. INSTRUCTIONS—*When Courts Will Not Reverse to Correct Errors in.*—Where it appears that the plaintiff has no right of action and could not have recovered in the trial under any proper set of instructions as to the law, the judgment will not be reversed on account of erroneous instructions.

2. ORDINARY CARE—*Drunkenness.*—A person who, by the use of intoxicating liquor, voluntarily incapacitates himself for the exercise of ordinary care for his safety, can not recover for personal injuries which are the result of such intoxication.

Trespass on the Case, for personal injuries. Error to the Circuit Court of Kankakee County; the Hon. CHARLES R. STARR, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed December 10, 1895.

McCRACKEN, TRAINOR & CROSS and STEPHEN R. MOORE, attorneys for plaintiff in error.

WHEELER & HUNTER, attorneys for defendant in error.

MR. PRESIDING JUSTICE CARTWRIGHT DELIVERED THE OPINION OF THE COURT.

Plaintiff in error was struck and injured on the night of April 13, 1892, by a freight train of the Michigan Central Railroad on the track of defendant in error, at its station, at 104th street in Chicago, and sued defendant in error for the consequent damages. There was a trial resulting in a verdict and judgment for defendant in error.

On the night of the accident plaintiff was a passenger on a north bound suburban train of defendant, from Kensington to the station at 104th street, and the charge against defendant in the various counts of the declaration was that after plaintiff left the train and was crossing the adjoining tracks on his way from the depot, defendant permitted the freight train to run past on one of the tracks at great speed, without any warning by ringing a bell, blowing a whistle or otherwise, and without a headlight. The following facts were proved on the trial: Plaintiff went to Kensington about 5 o'clock of the night of the accident and spent the time until about 11 o'clock in a saloon with companions playing cards and drinking beer. The train left Kensington at 11:06 P. M., and plaintiff, with his friends, returned by that train. At 104th street there were five tracks, and the platform and station building were west of them. The train on which plaintiff rode was on the west track next to the platform and station. The right of way and station grounds were inclosed on each side by a tight wire fence in which there was no opening except on the east side where 104th street came up to the station grounds, which was somewhat north of the north end of the platform. A plank walk extended from the sidewalk on that street through that gate to the east track, and from that point there was a walk made of cinders across the tracks to the north end of the platform.

That was the route provided for passengers entering and leaving the grounds. At other places there was broken stone between the tracks and rails which was of uneven surface and considerably lower than the top of the rails. Plaintiff and one of his friends got off on the east side of the train because, as he said, there were others in the way getting off on the west side of the platform. The space between the first two tracks where they got off was planked over, and they were one hundred feet or more south of the walk leading out of the grounds. Instead of walking up this planked surface to the walk, they started eastward directly across the tracks over the uneven surface, and plaintiff was struck by the freight train running south on the fourth track from the west. It was a dark and rainy night, and both plaintiff and his companion testified that they looked both ways for a train but saw nothing and heard no warning. Another of plaintiff's friends said that as he was leaving the grounds he did not see any headlight or hear any bell, but saw a dark thing right alongside of him, and made a jump, and then saw it was a freight train. The evidence, however, was clear and satisfactory that the headlight was burning, and there was also testimony that the bell was ringing.

A reversal of the judgment is asked on account of alleged errors in instructing the jury at the instance of the defendant, and counsel say that while it is not their purpose to urge that the verdict was against the weight of the evidence, yet the evidence was conflicting, and it was essential that the instructions should be accurate.

The objections made to the instructions are numerous, and some of them at least are well founded, and in a doubtful case should work a reversal. But we are convinced that plaintiff had no right of action and could not recover under any proper set of instructions as to the law; and that the judgment should not be reversed merely to have errors in instructions corrected, without any benefit to the plaintiff. That the headlight was burning, there can be no doubt. The track on which the train was coming was straight for a mile or more, and nothing intervened to obstruct the view.

Plaintiff could not have failed to see it if he had looked. It is true that he testified that he did look, but his whole testimony shows that he had very little remembrance of anything that occurred on that night, and he testified in answer to his counsel, that since that time he did not remember anything at all, and could not recollect from one day to another. Plaintiff and his companions, who did not see the headlight, had been drinking, and, while their opinion was that they were sober, the evidence, viewed in the light of what took place, shows pretty plainly that plaintiff and the one who was with him were drunk, and that the third one was visibly affected by liquor. When they got off the train, instead of taking the regular walk prepared for their use, with which they were familiar, plaintiff and his companions started over the uneven surface of broken stone to cross several tracks, where their attention would be necessarily directed to their footsteps, and the conclusion from all the evidence is unavoidable, that whatever attention they gave to their surroundings was in that direction, and that they paid no attention to the train. Plaintiff was either utterly heedless of danger, or had voluntarily incapacitated himself for the exercise of ordinary care for his safety; and in either event, the want of attention caused his injury, and he could not recover.

The jury would not have been justified in returning a verdict for plaintiff, and we can not see that any useful object would be attained by discussing the instructions.

The judgment will be affirmed.