78   673<br>f92   ¹490

## John McQuaid, a Minor, by Johanna McQuaid, His Next Friend, v., Chicago, R. I. & P. Ry. Co.

1. JUDGMENTS—*When Not to Be Reversed for Errors in Instructions.* —Where it appears that the plaintiff has no right of action and could not have recovered under any proper set of instructions as to the law, the judgment will not be reversed on account of erroneous instructions.

**Trespass on the Case,** for personal injuries. Trial in the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN. Judge, presiding. Verdict for defendant by direction of the court. Appeal by plaintiff. Heard in the Branch Appellate Court, at the March term, 1898. Affirmed. Opinion filed November 18, 1898.

JAMES C. McSHANE, attorney for plaintiff in error.

ROBERT MATHER, W. T. RANKIN and W. W. ROSS, attorneys for defendants in error.

MR. JUSTICE HORTON delivered the opinion of the court.

Upon the trial of this cause the jury returned a verdict in favor of defendant in error. A motion for a new trial was overruled and judgment entered on verdict. This writ of error is prosecuted by the plaintiff below to reverse that judgment.

In his original brief attorney for plaintiff in error presents two points only: (1) the court erred in its rulings

as to the admissibility of testimony, and (2) in giving to the jury certain instructions asked by the defendant.

As to the first point, we do not think there was any material error in sustaining defendant's objections to plaintiff's questions, which is the only ruling complained of.

As to the second point, we are of opinion that some of the instructions complained of are erroneous. But, in the view we take of the testimony, the case should not be reversed because of the errors in the instructions.

It is not necessary to review the testimony at length or in detail.

On behalf of plaintiff there was the testimony of himself and two other witnesses. As frankly stated by the attorney for plaintiff in error in his reply brief, "The defendant introduced ten alleged eye-witnesses, who, in a measure, at least, contradict the plaintiff's claim that he was driven from the train, * * * and three witnesses who claimed that the plaintiff made admissions contradictory of his testimony." This statement omits reference to the testimony of the brakeman who, it is charged, drove the plaintiff from the train, and also omits the testimony of several other witnesses which the attorney for plaintiff claims "was of little importance." The testimony of the brakeman is omitted, probably because of the fact that since the accident to plaintiff in error he has been injured and his memory has been thereby impaired.

We have carefully examined the testimony, and are of opinion that upon it, no verdict or judgment against defendant could be sustained. To our minds the testimony conclusively establishes the fact that the injury to this unfortunate young man was the result of his own voluntary act.

That being so, the fact that some of the instructions were erroneous is not ground for a reversal of the judgment. "Where it appears that the plaintiff has no right of action and could not have recovered in the trial, under any proper set of instructions as to the law, the judgment will not be reversed on account of erroneous instructions."

A "judgment should not be reversed merely to have errors in instructions corrected, without any benefit to the plaintiff." Johnson v. Ill. C. R. R. Co., 61 Ill. App. 522; Heckle v. Grewe, 125 Ill. 58, 63; Gerke v. Fancher, 158 Ill. 375, 385.

Perceiving no error in this record, the judgment of the Superior Court is affirmed.