ANTON SCHULTE

*v.*

TOBIAS SCHLEEPER *et al.*

*Opinion filed June 23, 1904.*

` 1. DRAM-SHOPS—*when recovery cannot be had under section 8 of the Dram-shop act.* Recovery under section 8 of the Dram-shop act can not be had where the disability which makes necessary the care given and provision made for an intoxicated person results directly from the independent act of a third person, and not from the intoxication or anything consequent thereon.

2. PROXIMATE CAUSE—*when proximate cause is a question of law.* The question of the proximate cause of an injury is a question of law when presented by a demurrer to the declaration, followed by judgment on the pleadings.

*Schulte* v. *Menke*, 111 Ill. App. 212, affirmed.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Calhoun county; the Hon. T. N. MEHAN, Judge, presiding.

This was an action of debt brought by Anton Schulte, plaintiff in error, in the circuit court of Calhoun county, against Tobias Schleeper and Joseph Menke, defendants in error. The declaration consisted of two counts. The first count alleged that the defendants sold intoxicating liquors to John Pohlman and Frank Brock on March 9, 1902, in consequence of which Pohlman and Brock became intoxicated, and while so intoxicated Pohlman assaulted Brock with a buggy hub and spoke and inflicted upon the latter divers injuries; that plaintiff thereafter took charge of Brock, while he was so intoxicated, and kept, cared for and provided for him for 231 days, by reason whereof an action has accrued to the plaintiff, and for which he is entitled to $1538 as compensation, and the further sum of two dollars per day for each day Brock was so kept, amounting to the further sum of $462. The second count differs from the first in that it alleges

that defendants sold the liquors to Brock only, and that Brock became intoxicated. A demurrer, general and special in its nature, was interposed to the declaration and was sustained. Plaintiff elected to stand by his declaration, and judgment was entered in favor of the defendants. Schulte appealed to the Appellate Court for the Third District, where the judgment of the circuit court was affirmed, and he now brings the cause to this court by writ of error.

The action was brought under the provisions of section 8 of the Dram-shop act, and the reason argued by the defendants in error in support of the action of the circuit court in sustaining the demurrer is, that the declaration shows that the condition of Brock was not occasioned by the liquors sold, but was occasioned by the assault made upon him by Pohlman, and that the sale of the liquors not being the proximate cause of the injuries to Brock, the defendants are not liable in this action.

CHARLES TEMPLE, and J. F. GREATHOUSE, for plaintiff in error.

CHARLES J. MACAULEY, and THOMAS F. FERNS, for defendants in error.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Section 8 of the Dram-shop act provides: "Every person who shall, by the sale of intoxicating liquors, with or without a license, cause the intoxication of any other person, shall be liable for and compelled to pay a reasonable compensation to any person who may take charge of and provide for such intoxicated person, and two dollars per day in addition thereto for every day such intoxicated person shall be kept in consequence of such intoxication, which sums may be recovered in an action of debt before any court having competent jurisdiction."

It appears from the declaration herein that defendants in error sold intoxicating liquors to Frank Brock,

who became intoxicated from drinking the same, and while he was intoxicated John Pohlman made a violent assault upon him, "and that by reason of the said striking of the said Brock by the said Pohlman, the said Brock became unconscious, delirious and helpless." Plaintiff in error took charge of and provided for Brock during his illness consequent upon. the injuries resulting from the assault, and seeks to recover for so doing under the section of the statute above set out. By one count of the declaration it is also charged that Pohlman, at the time he made the assault, was intoxicated, and that this intoxication resulted from drinking intoxicating liquors sold him by defendants in error. This is immaterial in an action brought under section 8, *supra*, as it does not authorize a recovery for care given and provision made for one who has received an injury at the hands of an intoxicated person.

Counsel for plaintiff in error argue that if Brock was assaulted while intoxicated, and their client took charge of him while intoxicated, then a recovery should be had under this section of the Dram-shop act for the care exercised over and provision made for Brock on account of his disabilities consequent upon the assault.

It appears from this declaration that the services here rendered were made necessary by the injuries resulting from the assault sustained by Brock while intoxicated, and the only question is whether such services so made necessary are within the terms of the section under which the action is brought.

In *Brannan* v. *Adams*, 76 Ill. 331, this statute was under consideration, and we there said (p. 335): "The language evidently contemplates two conditions in which the person cared for may be. The first is, manifestly, simply to take charge of and provide for him whilst drunk. For that, a reasonable compensation is allowed. Then what is the other condition? It would seem to be for necessarily keeping him in consequence of such drunk-

enness. If sickness ensue from and as a consequence of such drunkenness, or if, whilst drunk, he should injure himself or become disabled as a consequence of his drunkenness, and it thereby became necessary that care should be bestowed upon him, then the person doing so would be entitled to two dollars a day during, and only during, the time that such care should be necessary. This, it seems to us, is the fair and reasonable construction of the statute."

The Dram-shop act is highly penal in its character. It provides remedies unknown to the common law, and we have invariably held that it should be strictly construed, and that a plaintiff must bring himself clearly within its terms. *Brannan* v. *Adams, supra; Freese* v. *Tripp,* 70 Ill. 496; *Meidel* v. *Anthis,* 71 id. 241; *Cruse* v. *Aden,* 127 id. 231.

Does this declaration show that this man's disability, which made the services rendered by appellant necessary, resulted from his intoxication? Was the intoxication the proximate cause of the disability?

In *Shugart* v. *Egan,* 83 Ill. 56, the plaintiff's husband, while in a state of intoxication caused by intoxicating liquors purchased from the defendant, insulted one Mc-Graw, who thereupon stabbed him, inflicting a wound whereof he died. This court there said: "It is a natural and probable consequence of letting a drunkard have liquor that he shall become intoxicated, and by reason thereof suffer mental or physical impairment, waste his means, and do violent, absurd and silly acts, for experience proves that these results, in general, in greater or less degree, follow. But it is the exception that a drunkard is slain or violently assaulted, while in a state of intoxication, for words spoken or acts done by him while in that condition, and when it does happen, it is, in general, because of the wicked and malicious heart of the assailant, who is ready to avail of every pretext to gratify his brutal and murderous propensities, and it is no more

to be anticipated than any other criminal act of a third party," and held the intoxication not the cause of the injury. The same conclusion was reached in *Schmidt* v. *Mitchell*, 84 Ill. 195, where the intoxicated man attempted to break into a house in the night time and received a wound from a bullet discharged at him by the house-holder.

Where the disability which makes necessary the care given, and provision made for an intoxicated person, re-sults, not from the intoxication or from anything conse-quent upon that intoxication, but from the independent act of a third party, which is the direct and immediate cause of that disability, there can be no recovery against the dram-shop keeper under section 8, *supra*. (*Shugart* v. *Egan, supra; Schmidt* v. *Mitchell, supra; Schroder* v. *Craw-ford*, 94 Ill. 357.) A like rule is announced by *Krach* v. *Heilman*, 53 Ind. 526, and *Roach* v. *Kelly*, 194 Pa. St. 24.

Plaintiff in error then contends that the question of whether the intoxication or the assault was the proxi-mate cause of Brock's disability is a mixed question of law and fact, which must be submitted to a jury under proper instructions from the court, and which cannot be determined upon a demurrer to the declaration. The question, What was the proximate cause of an injury? is one for the jury where an issue is formed and a trial had by a jury and there is any evidence tending to show that the wrong complained of was the proximate cause of the injury. (*Meyer* v. *Butterbrodt*, 146 Ill. 131.) But where the question is presented by a demurrer to the declara-tion it is one of law, and was so treated by us in the case of *Hullinger* v. *Worrell*, 83 Ill. 220.

The demurrer to the declaration in the case at bar was properly sustained.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*