Cada v. The Fair, 187 Ill. App. 111.

# Stanislav Cada by Marie Cada, Appellant, v. The Fair, Appellee.

## Gen. No. 19,251.

1. NEGLIGENCE, § 126*—*necessity that due care on part of plaintiff be averred and proved.* Before a plaintiff can recover damages for an injury caused by the defendant's negligence, he must aver and prove that he was himself in the exercise of due care.

2. NEGLIGENCE, § 126*—*degree of care required to be alleged and proved in suit by a minor.* In an action brought in behalf of a minor over seven years of age to recover damages for injuries caused by defendant's negligence, it must be averred and proved that plaintiff was in the exercise of such care as a child of his age, intelligence, capacity, discretion and experience would naturally and ordinarily use in the same situation and under the same circumstances.

3. NEGLIGENCE, § 196*—*when proximate cause a question of law.* The question of proximate cause is a question of fact for a jury where an issue is formed and a trial had, with evidence on that issue, but where the question is presented by a demurrer to the declaration followed by judgment on the pleadings, it becomes a question of law.

4. NEGLIGENCE, § 124*—*when declaration not demurrable.* In an action by a minor to recover damages for personal injuries alleged to have resulted from a sale to him of a toy firearm forbidden by ordinance, *held* that the declaration was not demurrable on the ground that the facts alleged did not show that the sale was the proximate cause of the injury.

5. WEAPONS, § 1*—*what constitutes toy firearms within meaning of ordinance.* A toy air-gun *held* to be a toy firearm within the meaning of an ordinance forbidding the sale to minors of "any gun, pistol, or other firearm, or any toy gun, toy pistol, or other toy firearm, in which any explosive substance can be used."

Appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed May 21, 1914.

SABATH, LEVINSON & STAFFORD, for appellant.

SMITH & WALLACE, for appellee; CARL L. V. EXSELSEN, of counsel.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE FITCH delivered the opinion of the court.

In this case, the Circuit Court sustained a general and special demurrer to the plaintiff's declaration, and the plaintiff elected to stand by his declaration, whereupon judgment was entered against him for costs, and from that judgment this appeal was perfected.

The declaration contains six counts. Each of them sets up an ordinance of the city of Chicago, forbidding the sale to any minor of "any gun, pistol or other firearm, or any toy gun, toy pistol, or other toy firearm, in which any explosive substance can be used," under a penalty of not more than one hundred dollars for each offense. Each count also alleges that in July, 1912, the plaintiff was a minor, twelve years old, residing with his mother in Chicago, and that the defendant was conducting a retail store in Chicago for the sale of merchandise. The sixth count (which, so far as the objections raised by the demurrer are concerned, is the least vulnerable) stated that the defendant, wholly disregarding the duty imposed upon it by the city ordinance, sold and delivered to the plaintiff, without the knowledge or consent of his parents, "a certain toy gun in which an explosive substance, to wit, compressed air, could be used," and that "while the said plaintiff on said day after said purchase was playing with said gun, the said gun was fired off and exploded and a small shot therefrom was discharged, whereby, owing to said negligence of said defendant, the plaintiff was and became injured in his left eye," etc.

Appellee's counsel contend that the declaration is demurrable on three grounds: First, that the declaration does not contain any averment that the plaintiff was in the exercise of due care for his own safety at and before the time of the accident; second, that the alleged sale of the toy gun to the plaintiff, in violation of the ordinance, is not and cannot be the proximate

cause of the injury complained of; and, third, that in any event a toy gun operated by compressed air is not within the terms or meaning of the ordinance. Counsel for appellant, in their brief and argument, have only discussed the last of these objections.

As to the first objection, the rule is well settled in this State that before a plaintiff can recover damages for an injury caused by the defendant's negligence he must aver and prove that he was himself in the exercise of due care. *Gerke v. Fancher,* 158 Ill. 375, 379. In some of the earlier cases in this State a contrary rule seems to have been held. *Cox v. Brackett,* 41 Ill. 222; *Illinois Cent. R. Co. v. Simmons,* 38 Ill. 242; *Consolidated Coal Co. v. Wombacher,* 134 Ill. 57; but in *Walters v. City of Ottawa,* 240 Ill. 259, 266, these cases were reviewed and held to have been overruled, in effect, by the later cases of *Gerke v. Fancher, supra,* and *Jorgenson v. Johnson Chair Co.,* 169 Ill. 429. See also the review of these cases in *Madl v. Chicago City Ry. Co.,* 121 Ill. App. 602. It is true that in an action brought in behalf of a minor, if the child is under the age of seven years, no such averment or proof is necessary; and if he is over seven years of age, it is not necessary to aver or prove that he exercised such care as an adult would have exercised under the same circumstances. Here the allegation is that the plaintiff was twelve years old. It was therefore necessary to aver and prove that he was in the exercise of such care as a child of his age, intelligence, capacity, discretion and experience would naturally and ordinarily use in the same situation and under the same circumstances. *McGuire v. Guthmann Transfer Co.,* 234 Ill. 125. The want of such an averment cannot be defended on any theory that the alleged negligence of the defendant was wanton, reckless or wilful. If such a charge had been made, contributory negligence on the part of the plaintiff would not defeat a recovery. *Wabash R. Co. v. Speer,* 156 Ill. 244. But the mere statement in the declaration that the defendant sold to the plaintiff an

article of merchandise in violation of a city ordinance is not equivalent to an allegation of wilful, wanton or reckless misconduct, and therefore it was incumbent upon the plaintiff to allege the exercise of due care on his part. *Browne v. Siegel, Cooper & Co.,* 191 Ill. 226; *Wilson v. Illinois Central R. Co.,* 210 Ill. 603. While the declaration in this respect would probably be held sufficient, after verdict, to sustain a judgment in plaintiff's favor, because due care on the part of plaintiff might, perhaps, in such case be fairly and reasonably implied from the terms of the declaration, no such implication is permissible before verdict and upon demurrer. "Before verdict the intendments are against the pleader, and upon demurrer to a declaration nothing will suffice, by way of inference or implication, in his favor." *Gerke v. Fancher, supra.*

The question of proximate cause is a question of fact for a jury to decide where an issue is formed and a trial had, with evidence upon that issue. But where the question is presented by a demurrer to the declaration followed by judgment on the pleadings, it becomes a question of law. *Schulte v. Schleeper,* 210 Ill. 357. It has been said that "to constitute proximate cause the injury must be the natural and probable consequence of the negligence, and be of such a character as an ordinarily prudent person ought to have foreseen might probably occur as a result of the negligence;" that "it is not necessary that the person guilty of a negligent act or omission might have foreseen the precise form of the injury, but when it occurs it must appear that it was a natural and probable consequence of his negligence;" and that "if the negligence does nothing more than furnish a condition by which the injury is made *possible,* and that condition causes an injury by the subsequent independent act of a third person, the two are not concurrent and the existence of the condition is not the proximate cause of the in-

jury." *Seithe v. Commonwealth Electric Co.*, 241 Ill. 252.   In this case, however, we do not think a court can fairly hold that the facts presented show, necessarily and as a matter of law, that the negligence charged did *nothing more* than to furnish a condition by which the injury was made *possible*.   On the contrary, we think a jury might reasonably find, from the facts alleged in the declaration, that the injury was the *natural and probable* consequence of the negligence charged, and was of such a character that an ordinarily prudent person ought to have foreseen that such injury might *probably* occur as a result of negligence. In *Illinois Cent. R. Co. v. Siler*, 229 Ill. 390, a woman, in order to protect her property, endeavored to put out a fire caused by sparks from one of the defendant's locomotives, and in so doing was burned to death; and it was held that the voluntary act of the woman, although it was an intervening cause, was nevertheless a consequence of the wrongful act of the defendant, which with reasonable diligence it might have foreseen and therefore ought to have anticipated.   The Court there said (p. 395) :  "It was not a new and independent cause intervening between the wrong and the injury or disconnected from the primary cause and self-operating, but was itself the natural result of appellant's original negligence."   On page 394 of the same opinion, the Court quotes as follows, from *Atchison, T. & S. F. Ry. Co. v. Stanford,* 12 Kan. 354: "Any number of causes and effects may intervene between the first wrongful cause and the final injurious consequence, and if they are such as might with reasonable diligence have been foreseen, the last result, as well as the first and every intermediate result, is to be considered, in law, as the proximate result of the first wrong cause."  The manifest object and purpose of the city ordinance set forth in the declaration in this cause was the protection of children and the public generally against the consequences of permitting children to handle toy weapons in which an ex-

plosive substance can be used. The very fact that such an ordinance was passed tends to prove that the city council, at least, deemed such consequences sufficiently natural and probable, as well as sufficiently serious, to require an ordinance forbidding the sale of such toys to children.

As to the third and main objection to the declaration, it is urged that the use of the word "firearm" in the ordinance shows that the city council only intended to prohibit the sale of such real or toy weapons as can be discharged by the ignition of gun powder or other explosive substance in which fire is one of the essential elements. The common meaning of the word "firearm" is "a weapon which acts by the force of gun-powder" (Webster's Dictionary; 40 Cyc. 852). No doubt this is the meaning in which the word "firearm" is used in the phrase "gun, pistol, or other firearm." Immediately following that phrase, however, is another clause, viz.; "or any *toy*-gun, *toy*-pistol, or other *toy* firearm, in which any explosive substance can be used." In this clause the words "gun," "pistol" and "firearm" are each qualified by the word "toy". A toy is "a plaything for children" (Webster's Dictionary). Manifestly, a "firearm" designed to be a plaything for children must be something different from a real "weapon which acts by the force of gun-powder." The natural meaning of a "toy firearm" is a child's plaything resembling a firearm in some respects.

The ordinance does not forbid the sale of all toy firearms, however. It only prescribes the sale of "toy firearms in which an explosive substance can be used;" and it is insisted, with much force, that compressed air is not an "explosive substance," within the meaning of the ordinance. In many of the older dictionaries and encyclopædias, compressed air is not mentioned as among the explosives in common use. In the last edition of the Encyclopædia Britannica, however (11th Ed. Vol. 10, p. 81), after defining the

word "explosives" as: "a general term for substances which by certain treatment 'explode', i. e., decompose or change in a violent manner so as to generate force," it is said that explosives are divided into two classes, "propellants" and "detonators;" that "the simplest example of propellants of the smokeless class are compressed gasses," and that "compressed air was the propellant for the Zalinski dynamite gun." The declaration in this case does not describe the toy weapon sold to the plaintiff, further than to say in different counts that it was an "air-gun," or that it was "so constructed as to be discharged by the explosion of air," or "by the sudden release of compressed air, causing explosion," or (in the sixth count) that it was "a certain toy gun in which an explosive substance, towit, compressed air, could be used." For aught that appears in the declaration, the air gun sold to the plaintiff may have been a toy constructed in imitation of the Zalinski dynamite gun, in which the explosive substance or "propellant," known as compressed air, could be used.

As to the last two of the grounds above stated, we think the demurrer should have been overruled. But for the reason that the declaration does not contain any allegation that the plaintiff was exercising due care for his own safety, or state any facts equivalent thereto, the judgment of the Circuit Court must be affirmed.

*Affirmed.*