## ILLINOIS CENTRAL RAILROAD COMPANY

*v.*

## THOMAS SIMMONS.

1. PLEADING—*allegations in declaration.* In the case of the *Chicago B. & Q. R. R. Co.* v. *Hazzard*, 26 Ill. 273, so far as the principle is declared that in cases where it is necessary that the plaintiff should show that he exercised proper care, it is necessary it should be so alleged in the declaration, is *dictum* merely.

2. SAME—*what defects are cured after verdict.* An omission or defect in pleading, in substance or in form, if from the issue joined, the facts omitted, or defectively stated, may fairly be presumed to have been proved, is cured by verdict.

3. NEW TRIAL—*excessive damages.* In an action on the case for negligence the jury are the sole judges of what the damages shall be, under the facts presented, and where no evidence of passion, or prejudice appears in the finding, courts seldom set aside the verdict.

APPEAL from the Superior Court of Chicago.

The case is fully stated in the opinion.

Messrs. McALLISTER, JEWETT & JACKSON, for appellant.

Messrs. GOOKINS & ROBERTS and Mr. LOUIS M. ANDRICK, for appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action on the case for negligence brought in the Superior Court of Chicago by the appellee against the appel-

lant for so carelessly and negligently using a train of cars on their railroad, and on which the plaintiff was passenger, as to injure him seriously.  The jury found a verdict for appellee for five thousand dollars, for which the court rendered judgment.  The case is brought here by appeal and these points are made by appellant:  First, upon the sufficiency of the declaration, it containing no averment that the appellee was without fault, or that he exercised proper care to avoid the injury.

In support of this objection reference is made to the opinion of this court in the case of the *Chicago, Burlington and Quincy Railroad Company* v. *Hazzard*, 26 Ill. 373.  The opinion as delivered in that case sanctions the view here taken by appellant, and the Judge who delivered that opinion still believes such is the law in all cases of this description, on the principle if it is necessary the plaintiff should show that he, himself, exercised proper care, it is necessary it should be so alleged in the declaration, for, as a general rule, nothing need be proved that it is not affirmatively alleged.  The point of the sufficiency of the declaration was not made in that case, and the majority of this court are of opinion that the views expressed by the Judge who delivered that opinion must be considered, on that point, as *dictum*, merely.

The majority of this court is inclined to the opinion that if the declaration was defective in that particular, it is cured by the verdict.  The principle is, " when any thing is omitted in the declaration, though it be matter of substance, if it be such, as that without proving it at the trial the plaintiff could not have had a verdict, and there be a verdict for the plaintiff, such an omission shall not arrest the judgment."  2 Tidd's Practice, 919.  In the note to this text a large number of authorities are referred to which we do not think necessary to cite.

In *Stanley* v. *Whipple*, 2 McLean 35, it was held that after verdict, defects in substance were cured, if, from the issue in the case, the facts omitted, or defectively stated, may fairly be pre-

sumed to have been proved on the trial. In 1 Ch. Pl. 712, it is said where there is any defect, imperfection or omission in any pleading, whether in substance or form, which would have been a fatal objection on demurrer, yet if the issue joined be such as necessarily required on the trial proof of the facts defectively or imperfectly stated, or omitted, and without which it is not to be presumed that the jury would have given the verdict, such defect, imperfection or omission is cured by the verdict. *Stuart* v. *Hogg*, 1 Saunders 227, note 1, where the doctrine of the text in Chitty is found.

The next point made by appellant is that the damages are excessive. Of the amount, under the facts, the jury were the sole judges, and when no other evidence of prejudice or passion appears in the finding, courts seldom set aside a verdict for excessive damages in an action like this. That five thousand dollars is exorbitant, for an incurable hernia produced by the negligence of the appellant's servants, and which with very slight care on their part could have been avoided, we will not take the responsibility of determining. That the hernia produced, abstracts from the appellee a large per-centage of his usefulness in his profession, is not questioned or denied. We can not say that five thousand dollars is a compensation too large for an injury so serious, and which at any moment may become strangulated and produce death.

The remaining point is that the court erred in refusing to give the fourth, fifth and sixth instructions asked by appellant.

As to the propriety of this refusal, it will be observed the court at the instance of the appellants had given to the jury this instruction, numbered two :

2. Unless the jury believe from the evidence, that the injury complained of, and for which damages are sought to be recovered in this action, happened by reason of the negligence or improper conduct of the defendant or its agents or employees and without any want of ordinary care on the part of the plaintiff, they must find the defendant not guilty; with a modification to this effect: "This is so, if such want of ordinary

care, (if there was such want of ordinary care) contributed to produce the accident.

The fourth instruction refused, it seems to us, is embraced in the second, and consequently was properly refused. Besides, there was no evidence, that walking in the aisle of a car was negligence or that it contributed to the accident.

The fourth instruction is as follows:

4.   Although the jury may believe, from the evidence, that there was a degree of negligence on the part of servants and employees of the defendant in permitting its freight cars to stand so near to its main track, as that it should be possible for a collision to occur between them and a passing train, and that such collision actually occurred with the car on which the plaintiff was riding, and that he there and then received the injury for which damages are sought to be recovered in this action, yet, if they further believe, from the evidence, that at the time of said collision, the plaintiff was standing up or walking about in the car in which he was riding, the same being then in motion; and that in so doing, he was guilty of an equal or greater degree of negligence than the servants and employees of the defendant, and that his said negligence contributed to produce the injury complained of, then they must find the defendant *not guilty*, notwithstanding the negligence of its servants and employees.

As to the fifth instruction, it was not based on any evidence in the cause.   There was no proof whatever, that the car occupied by the appellee had been taken possession of by authority of the United States Government for the transportation of recruits from Chicago to Cairo.   The conductor, Morgan, on his examination stated that he took charge of the train at Centralia, and went into this car and told the officer in charge of the recruits he could have that car exclusively for his men, and not to let any body else in.   The officer was not in charge of the train, but of the recruits in this car, and there was no evidence that any thing they did contributed in the remotest degree to the injury occasioned the appellee.

The sixth instruction asked and refused was as follows:

6.  The defendant is not responsible for an injury to the plaintiff occasioned by his own carelessness or improper conduct, or the carelessness or improper conduct of his co-passengers, whilst riding upon the cars of the defendant; and if the jury believe, from the evidence, that the injury to the plaintiff complained of in this action was occasioned either by his own carelessness or improper conduct, or the carelessness or improper conduct of those traveling with him in the same car, as passengers, then they must find the defendant *not guilty.*

This instruction is liable to the same objections as the fifth. There is no evidence upon which to found it. There is an absence of evidence of any carelessness or improper conduct on the part of the fellow travelers of appellee occupying the same car with him, and therefore we refrain from further comment upon it.

In considering the instruction given for the appellant, we are of opinion the court correctly stated the law applicable to the case, especially by the terms of the seventh, which was as follows:

7.  The law requires of a passenger upon a railroad, the exercise of ordinary care and caution by him, to avoid injury from the accidents to which that mode of travel exposes him. And before he can recover damages against the railroad company for an injury received by him, whilst so traveling, he must show by evidence, not only negligence or improper conduct on the part of the company or its agents or employees, but also that he himself was guilty of no want of ordinary care to avoid the injury from such negligence or improper conduct.

This instruction, to say nothing of the first and third equally favorable for the appellant, gave the whole case fairly to the the jury, and directed them to the two principles governing it. Upon the point of negligence of the conductor of the train, that was clearly proved, for he foresaw the probable collision, and took no sufficient means to prevent it. Perceiving no error in the record, the judgment must be affirmed.

*Judgment affirmed.*