THE CHICAGO CITY RAILWAY COMPANY

*v.*

ELLEN COONEY.

*Opinion filed April 16, 1902—Rehearing denied June 5, 1902.*

1. PLEADING—*effect of failure to allege due care—limitations.* Failure of the plaintiff in an action for negligence to allege due care upon her part amounts merely to a defect in her statement of her cause of action, and does not bar her right to file an amended count, more than two years after the injury, containing such allegation but otherwise the same as the original count.

2. SAME—*section 23 of Practice act, concerning amendments, construed.* That part of section 23 of the Practice act providing that "the adjudication of the court allowing an amendment shall be conclusive evidence of the identity of the action" does not apply to an order allowing a declaration in an action for negligence to be amended more than two years after the injury, so as to preclude the defense of the Statute of Limitations being raised by plea, and to require it to be raised by exception to the order allowing the amendment.

3. EVIDENCE—*evidence of a miscarriage may be shown under general allegations of damages.* In a personal injury case, evidence of a miscarriage, suffered some seven months after the injury, may be shown under allegations that the plaintiff "sustained serious and permanent physical injuries, internally and externally, was caused great pain, suffering and impairment of bodily health," etc.

4. APPEALS AND ERRORS—*when inaccuracy of instruction will not reverse.* Inaccuracy in an instruction is not ground for reversal, if, as applied to the evidence then before the jury, the inaccuracy could not have worked injury.

*Chicago City Railway Co. v. Cooney,* 95 Ill. App. 471, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

This is a suit brought by appellee, against appellant, to recover for injuries sustained by her in a collision between a wagon and one of appellant's street cars on which she was a passenger. A large wagon loaded with heavy iron pipes, some of which projected as much as eight feet from the rear end of the wagon, was backed

out of a building on the west side of Clark street across
the tracks of appellant's road, and the ends of the pipes
came into collision with appellant's train, consisting of
a motor car and a trailer.   Appellee was sitting in the
forward car, and when she saw that a collision was im-
minent, attempted to get off the car, and in so doing fell
and was injured.   The suit was originally begun against
the appellant company and Downey, the driver, and
Burke, the owner of the wagon.   After Downey had tes-
tified as a witness for appellee the suit was dismissed as
to him.   Burke was adjudged not guilty, but a verdict
was found and judgment rendered against appellant for
$2500.   From the judgment of affirmance rendered by the
Appellate Court for the First District this appeal was
taken.

Appellee's declaration contained but one count origi-
nally, on which appellant joined issue.   This count con-
tained no allegation of due care on the part of plaintiff.
After the trial began and certain witnesses had been
heard, appellee, by leave of court, filed an amended dec-
laration, which was substantially the same as the origi-
nal, with the additional allegation that she was in the
exercise of ordinary care for her own safety.   It was in
the main as follows: "That said servants of said com-
pany so improperly and carelessly drove, pushed and
managed said electric car in which plaintiff was seated,
and Downey so improperly and carelessly drove, pushed
and managed said truck, that through the negligence and
improper conduct of said servants, respectively, the said
truck and electric car collided with great force and vio-
lence, by reason of which premises plaintiff was violently
thrown to the ground there and sustained serious and
permanent physical injuries, internally and externally,
was caused great pain, suffering and impairment of bod-
ily health, strength and ability to labor, and will the rest
of her life sustain such pain, suffering and impairment,
and that at, throughout and prior to said occurrence she

herself was in the exercise of ordinary care for her own safety." In addition to the general issue the defendant pleaded the Statute of Limitations to the amended count, to which plea a demurrer was sustained, and the defendant elected to stand by its plea. Motions for a new trial and in arrest of judgment were overruled.

One of the instructions given for appellee was the following:

8. "While it was the duty of plaintiff to employ such medical attention as ordinary prudence in her situation required, and to use ordinary judgment and care in doing so, and to select only such as were of at least ordinary skill and care in their profession, yet if she exercised such judgment and care, then, and in case (as provided in the other instructions) you find her entitled to recover, you may take into consideration all injuries and impairments, if any, which directly resulted from the occurrence in question, even though they resulted, in whole or in part, through mistakes of some one or of any of her medical attendants. This liability that a medical attendant (provided ordinary care was used in his selection) may make mistakes or errors is by you (but as limited by above provisions) to be considered as part of the immediate and direct damages resulting from the occurrence in question."

WILLIAM J. HYNES, S. S. PAGE, and WATSON J. FERRY, (MASON B. STARRING, of counsel,) for appellant.

ROSENTHAL, KURZ & HIRSCHL, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellant's first assignment of error is, that the trial court erred in sustaining the plaintiff's demurrer to its plea of the Statute of Limitations. It is contended that the original declaration was defective because it lacked the allegation that the plaintiff was exercising due care for her own safety, and for that reason stated no cause

of action, and that the cause of action stated in the amended declaration was barred by the statute, it having been filed more than two years after the cause of action accrued. That the original declaration stated a cause of action, though defectively, clearly appears, for the reason that it would have been sufficient after verdict, on motion in arrest of judgment or on error. (*Illinois Central Railroad Co.* v. *Simmons,* 38 Ill. 242; *Cox* v. *Brackett,* 41 id. 222; *Gerke* v. *Fancher,* 158 id. 375. See, also, *Consolidated Coal Co.* v. *Scheiber,* 167 Ill. 539.) The cause of action stated in the amended declaration was identical with the one stated in the original declaration, and the amendment amounted only to a re-statement of the cause of action, and not to a statement of a new cause of action. The demurrer to the plea of the statute was therefore properly sustained.

Appellee insists that it was too late to raise the question by the plea of the Statute of Limitations, but says it should have been raised by an exception to the order of the court allowing the amendment to be filed. In support of this view she contends that by the language of the statute such order is conclusive that the new count is the same as the old. The latter part of section 23 of the Practice act is as follows: "The adjudication of the court allowing an amendment shall be conclusive evidence of the identity of the action." (Hurd's Stat. 1899, p. 1287). The Statute of Limitations must be pleaded to be availed of, for it is the privilege of the pleader to avail himself of it or to waive it. A count containing a new cause of action, filed after two years, would be a good count, and a recovery could be had under the same if the statute was not interposed. The Statute of Limitations cannot be raised by an exception. We are of the opinion that said section 23 was not intended to apply to a question of this kind.

As seems to have become the practice in all such cases, counsel for the defendant moved the court, at the

close of the evidence, to instruct the jury to find the defendant not guilty. Under the assignment of error that the court erred in refusing such instruction, counsel have at great length discussed the controverted questions of fact,—the weight and preponderance of the evidence and the credibility of the witnesses. Such discussions are not only unnecessary and wholly useless for any purpose here, but are often a hindrance to the proper examination of the legal questions raised which this court has power to determine but which are obscured in the argument by the mass of facts with which they are interblended. Upon the point made it is sufficient to say that the evidence tended to prove the cause of action, and that it would have been error to give such an instruction.

The admission of testimony in regard to a miscarriage that appellee suffered seven months after the accident is assigned for error. It is claimed that such injury should have been declared on as matter for special damages, and that it was not covered by the allegations calling for general damages only. We are of the opinion that the evidence was properly admitted under the allegations of the declaration. (*Baltimore and Ohio Southwestern Railway Co.* v. *Slanker*, 180 Ill. 357; *Chicago City Railway Co.* v. *Anderson*, 182 id. 298; *West Chicago Street Railroad Co.* v. *Levy*, id. 525, and cases cited.) Whether such miscarriage was caused by the injury was a question of fact for the jury, but that such an injury might be the proximate cause of a miscarriage is too well known to admit of controversy.

It is assigned as error that the court made improper remarks in the presence and hearing of the jury. The only remarks we consider it necessary to notice are the following:

The court: "I am afraid I shall have to interpose an objection myself if you are going to take up the time of the court with immaterial matter. You might as well ask her if she did not get up in the morning during the several different years." * * *

The court: "She said she generally took a little medicine in the spring. That does not prove her health was not good.·

Counsel for appellant: "Yes, it does, your Honor.

The court: "I don't see how it can. Thousands of people do that."

We regard these remarks of the court as improper, but not of sufficient importance to work a reversal of the judgment. It appears from the record that counsel was inquiring about her former testimony as to her health prior to the accident, and that his questions had been fully answered; that she said she had not had a doctor, but had sometimes taken a little medicine in the springtime. It does not appear that the cross-examination was improperly abridged, and while the remarks complained of should have been omitted, we are satisfied they could not have affected the result before a jury of ordinary intelligence.

The eighth instruction given for the plaintiff, set out in the preceding statement of the case, is claimed to be erroneous because of the inclusion in it of the words "in whole." While it is true that if her "injuries and impairments" were *wholly* due to mistakes in her medical treatment she could not recover from appellant for such injuries and impairments, still the instruction could not have prejudiced the defendant in the case. It was established by the evidence, and is not controverted, that she suffered injuries in the accident for which she was sent to the hospital, where she remained for some time under treatment, and that her "impairments" were not *wholly* due to mistakes in treatment. The liability to mistakes in treatment is incident to the injury, and where such mistakes occur,—the injured party using ordinary care in the selection of her medical attendants,—the injury resulting from such mistakes is properly regarded as part of the immediate and direct damages resulting from the original injury. (*Pullman Palace Car Co.* v. *Bluhm*, 109

Ill. 20.) As applied to the evidence then before the jury, the inaccuracy in the instruction complained of could not have worked any injury to the defense.

Other questions of minor importance have been raised by counsel and considered by the court, but we are unable to find that any substantial error was committed in the trial of the case. The judgment will therefore be affirmed.

*Judgment affirmed.*