Olcese v. Mobile Fruit & Trading Co.

112    281
a211s 539

## Louis Olcese v. Mobile Fruit & Trading Company.

### Gen. No. 11,165.

1. PERFORMANCE—*when objections to manner of, are waived.* If a particular objection is made to the manner in which a contract has been performed and the objecting party is silent as to other objections, such other objections, if any, are deemed waived.

2. VENDOR—*right of, to resell upon refusal of vendee to accept.*

Where a vendee of goods sold at a specified price refuses to take and pay for the same, the vendor may resell such goods to the best advantage and charge the difference between the contract price and that realized at the sale, to the vendee.

3. BURDEN OF PROOF—*where, rests to show that merchandise sold and delivered is below contract requirements.* The burden of proof is upon the vendee to show that merchandise sold and delivered to him and which has been accepted by him was not of the kind and of the quality ordered.

4. COMMON COUNTS—*when recovery may be had under.* Recovery may be had, under the common counts, of the price agreed to be paid for goods sold and delivered.

5. INSTRUCTIONS—*containing abstract propositions of law.* Instructions which contain correct abstract propositions of law applicable to the case but not applied thereto, may, ordinarily, be given or refused without the commission of error.

6. INSTRUCTION—*as to consideration to be given to deposition.* An instruction upon this subject was approved in this case, and is in words as follows:

" In arriving at your verdict in this case you should take into consideration all the evidence before you, and you should give the same weight and consideration to the testimony of the plaintiff contained in depositions as you would give to said testimony if the same had been given by the witnesses in open court before you instead of by deposition."

7. VARIANCE—*when question of, must be raised.* An objection of variance must be made in the trial court and will not be heard for the first time on appeal.

Action of assumpsit. Appeal from the Circuit Court of Cook County; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the March term, 1903. Affirmed. Opinion filed February 25, 1904.

**Statement by the Court.** Appellee brought assumpsit against appellant and others composing the firm of Olcese & Co., to recover damages resulting from the refusal of said firm to receive a shipment of two carloads of bananas alleged to have been ordered from appellee in March, 1893; and, also, to recover the price of three carloads of bananas alleged to have been sold and delivered by appellee to said firm in July, 1893.

The defendants in the court below interposed the general issue. The facts as to the March shipment are as follows: March 9, 1893, Olcese & Co. from Chicago wrote to appellee: " You may ship us from your first steamer one car

Straights and also one car Culls. Fruit must be fine." Appellee from Mobile replied two days later: "We will fill your order for one car each Straights and Culls and will wire you price before shipping."

March 26, 1893, appellee wired Olcese & Co.: "Shipped last night two cars of bananas. Messenger through."

The next day Olcese & Co. sent two telegrams to appellee, one received at 10:50 A. M. at Mobile: "Did you ship bananas on consignment. Answer." Another received at 2:36 P. M. at Mobile: "Why did you not wire prices before shipping? Will sell for your account."

Appellee replied by wire Monday, March 27: "Your order was unconditional. Steamer was discharged too late Saturday night to wire. Prices 90 and 50."

March 28, Olcese & Co. wired appellee, telegram received at 8:30 A. M. at Mobile: "Letter states wire prices before shipping. Sell for your account. Have refused consignment from New Orleans."

Another telegram received at Mobile at 10:12 P. M.: "Bananas arrived. If satisfactory will accept and sell for your account. Answer quick."

Appellee replied on March 28, by wire: "Bananas yours. See our letter of to-day."

Olcese & Co. wired appellee March 28: "Bananas here subject to your order."

Appellee wired that day: "Will make best disposition possible for your account. We look to you for invoice value."

Appellee again notified Olcese & Co. by wire: "We handle fruit for your account."

And thereupon appellee turned the bananas over to H. L. Vorderbrugge, who was then in the business of selling bananas in Chicago, and who testifies that he sold the same upon the Chicago market for the best price he could obtain. Appellee sent an account sales of this fruit to Olcese & Co., showing the loss thereon, and requesting payment of the same.

As to the other three cars the material correspondence is as follows:

July 5, 1893, appellee wired Olcese & Co.: "Have three cars fine Bocas culls at fifty. If you want this fruit it is a good trade." Olcese & Co. wired in reply: "Will take three cars culls if fancy." Thereupon appellee forwarded the three cars, which arrived in Chicago July 7, 1893, in charge of a messenger. When the messenger reported these cars to Olcese & Co., one of the partners, as the messenger testifies, went to the car with him, examined the bananas, and then returning to the office wrote upon the office stationery and gave to him the following receipt:

"CHICAGO, 7-7, 1893.

MOBILE FRUIT & TRADING Co., Mobile, Alabama:

Received three cars of bananas in good condition.

Yours truly,

L. OLCESE & Co."

The messenger further testifies: " I did not at that time exercise any further control over that shipment. * * * I never took possession of them after receiving this receipt."

Later in the day Olcese & Co. wired appellee: "Bananas not as good as Bluefields. Here subject to your order. Will sell for your account. Answer quick.

L. OLCESE & Co."

The correspondence continued by :

A telegram as follows :

"JULY 7, '3.

L. OLCESE & Co., Chicago, Ills.

Bananas shipped you; fine stock; cannot accept refusal.

MOBILE FRUIT & TRADING Co."

A telegram as follows :

"JULY 7.

FRANK FABRE, care CUNEO & BOILA, Chicago, Ill.

Olcese refuses bananas. Wiring him must accept. Wire his decision.

MOBILE FRUIT & TRADING Co."

A telegram as follows :

"CHICAGO, ILL., 7:20 P., 7-7, 1893.

MOBILE FRUIT & TRADING Co., Mobile, Ala.

Olcese refused. Market full. Weather hot. Bananas arrived good condition.          FRANK FABRE."

A telegram as follows:

"CHICAGO, ILL., 6:05 P. M., 7–7,.1893.
MOBILE FRUIT & TRADING Co., Mobile.

Offer you forty cents for cars 20088 and 20008, best we can do.   Answer quick.

L. OLCESE & Co."

A telegram as follows :

"CHICAGO, 4:40 P., 8, 1893.
D. W. BUHL, Mobile.

See your wire even date cars M. & O., 20008, 20088 and 20029, bananas for Louis Olcese.   Refused.   Claim not up to standard.   Weather very warm here, refer x 2999.

D. HOWARD."

A telegram as follows:

"7–7, 1893.

L. OLCESE & Co., Chicago, Ills.

Cannot protect you against glutted market.   If forced will have to handle, your account, and force collection loss.

MOBILE FRUIT & TRADING Co."

Olcese & Co. finally refused to take charge of these cars. It seems the fruit was afterward sold by the railroad company and the net proceeds tendered by it to appellee, and the tender declined.

The trial resulted in a verdict for appellee, fixing its damages at $1,292.10.   A motion for a new trial was made and overruled.   Thereupon the court entered judgment upon the verdict.   From the entry of this judgment an appeal was perfected.

HILLIS & McCoy and JOHN M. GARTSIDE, for appellant.

CRATTY BROS., JARVIS & LATIMER, for appellee.

MR. JUSTICE BALL delivered the opinion of the court.

The order for the two cars shipped appellant's firm in March, 1893, was unconditional.   It reads:  "You may ship us from your first steamer one car Straights and also one car Culls.   Fruit must be fine."   The acceptance was : "We will fill your order for one car each Straights and Culls, and will wire you price before shipping."   There is

no evidence showing whether or not these two cars were loaded from the "first steamer;" nor did Olcese & Co. place their refusal to accept the fruit upon that ground. Upon receiving notice that the cars had started from Mobile, they telegraphed appellee, "Why did you not wire prices before shipping? Will sell for your account." Appellee replied: "Your order was unconditional. Steamer was discharged too late Saturday night to wire. Prices 90 and 50." Olcese & Co. in reply wired: "Letter states wire prices before shipping. Sell for your account. Have refused consignment from New Orleans." The offer of appellee to wire prices was a voluntary one. It formed no part of the contract of sale. The refusal of Olcese & Co. to accept this shipment was not based upon any lack in the kind or quality of the bananas. They decided upon and announced their refusal without an examination of the cars or either of them. Olcese & Co. did not place their refusal upon the fact, if it be a fact, (a point upon which the evidence is silent) that these bananas were not taken from the first steamer. They bottomed their refusal upon the fact that the prices were not wired to them before the fruit was shipped. Having taken this position, they must be held to have waived all other objections. It is clear, under the authorities, that if a particular objection is taken to the performance of a contract, and the party is silent as to all others, the objections not made are deemed to be waived. Littlejohn v. Shaw, 159 N. Y. 188.

The evidence before the jury related to two claims: one for damages arising out of the refusal of Olcese & Co. to accept the March shipment; and the other for the agreed price of the bananas contained in the July shipment.

The March shipment having been tendered to Olcese & Co., and having been improperly refused by them, the notification by appellee to them that it would sell such fruit for their account, and its after sale for the best price attainable, entitles appellee to recover the loss, if any, it thereby suffered. The price of these bananas was wired by appellee to Olcese & Co., before the cars reached Chicago. It

is not claimed that such price was not then the market price for bananas in Chicago. Where a vendee of goods, sold at a specific price, refuses to take and pay for the goods, the vendor can resell the goods to the best advantage, and charge the vendee with the difference between the contract price and that realized at the sale. Bagley v. Findlay, 82 Ill. 524; Roebling Sons Co. v. Lock Stitch Fence Co., 130 Ill. 669; Morris v. Wibaux, 159 Ill. 636. The evidence tended to show that the loss upon this shipment was $415.10. It inheres in the verdict that the jury found, as they were warranted to find by the evidence, the July shipment was delivered to and accepted by Olcese & Co. *Prima facie* this entitled appellee to recover the contract price. The burden was upon Olcese & Co. to show, if they could, that the bananas were not of the kind or of the quality ordered. Prairie Farmer Co. v. Taylor, 69 Ill. 445. Appellee could recover under the common counts contained in the declaration filed in this case. Throop v. Sherwood, 4 Gilm. 92; Brand v. Henderson, 107 Ill. 147. The evidence showed that the contract price of the bananas contained in this shipment was $877. The amount of these two items equals the damages fixed by the verdict, and therefore it is not excessive.

Appellant complains as to certain instructions given. Instruction No. 1 is a correct statement of the positions of the parties to the suit.

Instruction No. 2 contains a verbal error. It says, " previous to March, 1893," when it should have stated "in March, 1893." As there was nothing in dispute in this cause prior to March, 1893, this error did not mislead the jury.

Instruction No. 3, while it is an accurate statement of the law, is an abstract instruction and might have been refused for that reason. It was not error for the court to give it to the jury.

The 4th, 5th, 6th and 10th instructions refer to the July shipment, and are correct statements of the law. The objection that they are based upon the first count in the declaration is not well taken, since upon the theory of appellee

that the July shipment was delivered and accepted, a re-covery could be had under the common counts. There was evidence to sustain this theory, and the verdict clearly in-dicates that the jury so found.

The 7th instruction reads: "In arriving at your verdict in this case you should take into consideration all the evi-dence before you, and you should give the same weight and consideration to the testimony of the plaintiff contained in depositions as you would give to said testimony if the same had been given by the witnesses in open court before you instead of by deposition." This instruction is in accord with sec. 34, ch. 51, R. S., which reads: "Every deposition may be read as good and competent evidence in the cause in which it shall be taken as if such witness had been present and examined by parol in open court on the hearing or trial thereof."

Neither instruction 8, nor instruction 9, nor instruction 11 is erroneous.

We find no error in any of the modifications made by the court in three of the instructions presented by appel-lant.

Appellant claims that there is a variance between the amount of the recovery for the March shipment and the amount laid in the second count of the declaration, which he says makes no claim for freight. McConnell, appellee's president, testified that "the loss to our company from failure of defendant to accept and pay for these goods was $415.10." Appellant neither objected to this evidence nor cross-examined the witness in regard to the same. Nor did appellant offer any evidence in contradiction of this testi-mony. Vorderbrugge testifies that he received $375.40 for the bananas; and that out of that sum he deducted the freight and sent the balance to appellee.

While this count is carelessly drawn, it does allege that appellee "was obliged to pay the freight or carriage of said bananas." If this March shipment had been accepted by Olcese & Co., then the bananas, in law, would be delivered to them at Mobile, the place of purchase, and they would

Olcese v. Mobile Fruit & Trading Co.

be liable to the railway company for the freight. If without just cause they refused to receive this shipment, then the freight, when paid by appellee, was a proper item to be taken into account in ascertaining the loss, if any, it suffered by reason of such refusal. It is true that this count is defective and that technically there was a variance between it and the evidence offered by appellee as to the damages on the March shipment, but appellant not having raised that question in the court below, will not be heard to make it here. Had this variance been pointed out in the trial court, the plaintiff could have amended the count so as to clearly include the item of freight. Appellant elected to take his chances with the jury, and therefore did not raise the question of variance at the trial. It is now and here too late to make the objection. Illinois Central Ry. Co. v. Simmons, 38 Ill. 242; Ransom v. McCurley, 140 Ill. 626; Dorn v. Bissell, 180 Ill. 73.

In 1 Chit. Pl. 673, (9th Am. ed.) it is said that "where there is any defect, imperfection or omission, in any pleading, whether in substance or in form, which would be a fatal objection upon demurrer; yet, if the issue joined be such as necessarily required, on the trial, proof of the facts so defectively or imperfectly stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give, or the jury would have given the verdict, such defect, imperfection, or omission, is cured by the verdict."

This rule is approved and followed in Illinois Central Ry. Co. v. Simmons, *supra*, where the point was made that the declaration failed to aver that the plaintiff was without fault or that he exercised proper care to avoid the injury.

Finding no reversible error in this record, and believing that substantial justice has been done, the judgment of the Circuit Court is affirmed.

*Affirmed.*