### Henry Madl, administrator, v. Chicago City Railway Company, et al.

#### Gen. No. 11,862.

1. NEW CAUSE OF ACTION—*when amended declaration does not state.* An amended declaration does not state a new cause of action where it differs from the original declaration in that it contains, while the original declaration did not, an allegation of due care upon the part of the plaintiff at the time of the injury complained of.

Action on the case for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1904. Reversed and remanded. Opinion filed July 11, 1905. Rehearing denied October 10, 1905.

**Statement by the Court.** This action is brought to recover damages for personal injuries inflicted May 29, 1901, in consequence, it is alleged, of appellees' negligence and resulting in the death of Henry Alfred Madl, which the declaration states occurred July 14, 1901. The praecipe was filed and summons issued against the Chicago City Railway Company July 24, 1901, and the summons was

returned served July 31, 1901. The original declaration was filed August 9, 1901. Nearly two years thereafter, July 3, 1903, by leave of court, the Chicago, Rock Island and Pacific and the Lake Shore and Michigan Southern Railway Companies were joined as parties defendant. Summons was served on them and an amended declaration filed the same day. Subsequently on May 20, 1904, nearly three years after the accident, by leave of court appellant amended his declaration last referred to by inserting on its face after the statement that the deceased was "a passenger upon said street car" the following in parenthesis: "(and was then and there quietly and carefully standing on the footboard of said car, on the right side of said car, and exercising due care for his own safety.)" After this amendment, each of the defendants separately filed pleas of the general issue and also of the Statute of Limitations, to the last of which appellant demurred. These demurrers were overruled and judgment entered accordingly.

The several pleas of the Statute of Limitations are in part as follows: "Because it says that the several supposed causes of action mentioned in the said declaration as amended on the 20th day of May, A. D., 1904, did not, nor did any or either of them, accrue to the plaintiff at any time within two years next before the amending of said amended declaration on the face thereof as above set forth, in manner and form as the plaintiff has above complained against it."

JAMES R. WARD, for appellant.

WILLIAM J. HYNES, SAMUEL S. PAGE and WATSON J. FERRY (MASON B. STARRING, of counsel), and GLENNON, CARY & WALKER and BENJAMIN S. CABLE, for appellees.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is sought to reverse the judgment in this case upon the ground that the Circuit Court erred in overruling the demurrers to the pleas of the Statute of Limitations. The ground upon which this ruling was based is that inasmuch as neither the original nor amended declarations contained any allegation of the absence of contributory negli-

gence or the exercise of due and ordinary care on the part of the intestate at and before the time of the accident, prior to the amendment upon the face of the amended declaration which was made May 20, 1904, nearly three years after the accident and death of the intestate, such amendment was too late and the Statute of Limitations was well pleaded. It is clear that the amendment of May 20, 1904, was made more than two years after the cause of action accrued. If it stated a new cause of action, it was within the bar of the Statute of Limitations. Foster v. St. Luke's Hospital, 191 Ill., 94-95. The question is, therefore, whether the amended declaration as it stood prior to May 20, 1904, sufficiently stated a cause of action, without an averment of due care on the part of the deceased.

It is not claimed that elsewhere in the declaration there is any averment to the effect that the deceased was in the exercise of due care at the time of the accident, nor any statement of facts equivalent to such averment or from which such care is properly inferable. The amendment in controversy, that the deceased was "quietly standing on the footboard of said car on the right side of said car and exercising due care for his own safety" is the only statement to that effect, although it appears in the original declaration that deceased was a passenger. Appellant argues that the cause of action is the act or thing done or omitted to be done by one which confers the right upon another to sue, that the exercise of due care by the person injured is not the cause of action, and that the amendment did not bar the right of recovery upon the cause of action already stated in the declaration. In Chicago City Railway Co. v. Cooney, 196 Ill., 466-469, an amendment was filed to which it was sought to interpose the bar of the statute and it was held that the original declaration stated a cause of action, though defectively, because it would have been sufficient after verdict on motion in arrest of judgment or on error; that the cause of action stated in the amended declaration was identical with the one stated in the original declaration, and the amendment which contained the additional allega-

tion that the plaintiff was in the exercise of ordinary care for her own safety, amounted only to a restatement of the cause of action and not to a statement of a new cause of action; that hence the demurrer to the plea of the Statute of Limitations was properly sustained. This seems to sustain appellant's contention, since if the cause of action containing an averment of due care is nothing more than a restatement of a cause of action without such averment, it would seem that the exercise of due care by the deceased is not a part of the cause of action. The principle upon which a defective statement of a good cause of action is cured by verdict is stated in Ill. Cent. R. R. Co. v. Simmons, 38 Ill., 242-243, to be that "when anything is omitted in the declaration, though it be matter of substance, if it be such as that without proving it at the trial plaintiff could not have a verdict, and there be a verdict for the plaintiff, such an omission shall not arrest the judgment." Hence it is said that after verdict, defects in substance are cured, if from the issue in the case the facts omitted or defectively stated may fairly be presumed to have been proved on the trial. If, however, a declaration omits to allege any substantial fact which is essential to a right of action and which is not implied or inferable from the finding of those which are alleged, a verdict for plaintiff does not cure that defect. Bowman v. People, 114 Ill., 474-477. As to whether an averment of due care for his own safety on the part of a plaintiff seeking to recover for personal injuries alleged to have been caused by the negligence of one or more defendants is necessary, the expressions of the courts have not been uniform. In Cox v. Brackett, 41 Ill., 222-225, it is held, following Ill. Cent. R. R. Co. v. Simmons, *supra,* that it was not necessary. In Consolidated Coal Co. v. Wombacher, 134 Ill., 57-63, it is said that the question of the plaintiff's contributory negligence was matter of defense which need not have been anticipated and negatived in the declaration. It has been repeatedly said that the cause of action may be regarded as the act or thing done or omitted to be done by the defendant toward the plaintiff which causes a grievance for which the

law gives a remedy. Swift & Co. v. Madden, 165 Ill., 41-45; Chicago City Ry. Co. v. Leach, 182 Ill., 359-364. In the last cited case it is held not necessary to aver specifically that plaintiff and another were not fellow-servants. It was sufficient that the facts set up established that relation. On the other hand it is said in a number of cases to be a general rule that in order to recover for injuries from negligence it must be alleged as well as proved that the party injured was at the time he was injured observing due and ordinary care for his personal safety. Calumet I. & S. Co. v. Martin, 115 Ill., 358-368; Jorgenson v. Johnson Chair Co., 169 Ill., 429-430; Gerke v. Fancher, 158 Ill., 375-379. Some of the appellate courts of this state have followed the same rule. In some of the cases the statement that due care must be alleged as well as proven is obviously *dictum.* In the case last above cited it is held (p. 380) that although there is in that case no allegation of due care in express terms, the fact being, however, alleged argumentatively, yet on motion in arrest of judgment, in view of the presumptions in favor of plaintiff after judgment the declaration would be held sufficient, the defect being cured by verdict. But it is said also that "before verdict the intendments are against the pleader, and upon demurrer to a declaration, nothing will suffice by way of inference or implication, in his favor"; thus indicating that if the question had arisen on demurrer to the declaration the latter would have been held bad for want of an allegation of due care. In most of the states, however, it is said, the plaintiff need not allege the absence of contributory negligence on his part. (The Encyclo. of Pl. and Pr., Vol. 5, p. 1.) It is unnecessary, we think, to follow the discussion farther, in view of the latest holding of the Supreme Court in Chicago City Ry. Co. v. Cooney, *supra,* which concludes us on that question. Appellees' attorneys have gone to the original record in that case, in which it appears that the original declaration contains the statement that the plaintiff "was seated" in the car at the time of the accident. The same statement appears in the quotation from the

declaration in the statement of the court (p. 467), but it is said, nevertheless, that the original count "contained no allegation of due care on the part of the plaintiff." It appears, therefore, that those words in the original declaration had no bearing on the conclusion stated, viz., that the demurrer to the plea of the Statute of Limitations was properly sustained.

It follows that the demurrers to the pleas of the Statute of Limitations were improperly overruled and the judgment of the Circuit Court must be reversed and the cause remanded without reference to whether the declaration is in some other respects open to objection or not.

*Reversed and remanded.*