# William A. Lee, Appellee, v. Republic Iron & Steel Company, Appellant.

## Gen. No. 5,099.

1. STATUTE OF LIMITATIONS—*when amendment does not state new cause of action.* An amendment which merely re-states in different form the same cause of action mentioned in the original declaration or which properly pleads a cause of action defectively stated in the original declaration, does not present a new and different cause of action.

2. STATUTE OF LIMITATIONS—*when amendment does not state new cause of action.* The negligence complained of, to wit, the negligent repairing of a belt by means of staples or tacks, being stated in both the original and amended declarations, the striking out of inconsistent averments does not have the effect of setting up a new cause of action.

3. APPEALS AND ERRORS—*when abstract insufficient to save question.* An objection to evidence not noted in the abstract cannot be urged on review.

4. EVIDENCE—*when expert testimony competent.* The question at issue being as to whether or not a belt had been negligently repaired, expert testimony by those who have duly qualified from experience shown, is competent as to the proper method of repairing belts.

5. VERDICTS—*when excessive.* A verdict in an action on the case for personal injuries should only award pecuniary compensation and a verdict of such size as will produce interest larger in amount than the entire earnings of the plaintiff prior to his injury, is excessive, where it appears that after the injury such plaintiff was still able to earn almost as much as he had earned prior to the injury.

DIBELL, J., dissenting in part.

Action in case for personal injuries. Appeal from the Circuit Court of Rock Island county; the Hon. EMERY C. GRAVES, Judge, presiding. Heard in this court at the October term, 1908. Affirmed with remittitur. Opinion filed March 24, 1909.

**Statement by the Court.** This is an action in case begun on December 24, 1903, by William A. Lee, against the Republic Iron & Steel Company, and Joseph A. Worker, to recover damages for personal injuries sustained by the plaintiff in the steel mill of the company.

The cause was tried in May, 1905, and a judgment rendered in favor of the plaintiff against the defendant company, and also in favor of defendant, Worker, for costs. The company prosecuted an appeal from that judgment to this court, where it was affirmed by an opinion filed April 20, 1906. 126 Ill. App. 297. The company prosecuted a further appeal to the supreme court where the judgment was reversed because of a material variance between the proof and the allegations of the declaration, and the cause was remanded to the Circuit Court for a retrial. 227 Ill. 246. On the cause being re-docketed in the Circuit Court, the plaintiff amended the three original counts of the declaration and filed an additional count by leave of court.

The original counts of the declaration contained the following allegations as is stated in the opinion of the Supreme Court: "The first count alleged that on September 11, 1903, appellant was, by its agents and employes, operating a steel mill in the city of Moline, in this state; that Worker was appellant's master mechanic, and had power, and it was his duty, to keep the machinery and appliances of said company in repair and safe for its employes to work about; that appellee was on said date in the employ of and working for appellant as a laborer in its steel mill; that Worker had full control and authority over appellee, with full power to hire and discharge him; that appellee was also under the control and direction of one Constance V. Peterson, who had full control and authority over appellee and who stood to appellee as the representative of appellant, their common master; that on said day appellee was, by the order and direction of Worker and Peterson, commanded to assist in splicing or repairing a large two-ply belt, of the width of four inches and sixty or seventy feet long, which was used in the mill; that while so engaged he was obliged to climb to and stand upon an angle bar about two inches wide and six feet from the floor, and to support himself thereon by holding on to a revolving shaft

about four feet above said angle bar, for the purpose of shifting or drawing said belt over said shaft; that it then and there became the duty of defendants to exercise care and prudence in providing a proper and secure place for appellee to stand upon, so that he could have the free use of both hands for shifting or drawing said belt over said shaft without danger, and also became the duty of said defendants to stop said revolving shaft while said belt was being repaired, but that they neglected their duty and failed to provide a proper platform to stand upon and failed to stop said revolving shaft; that while appellee was drawing said belt over said shaft, in the exercise of due care and without knowledge of the danger of his position, said belt caught appellee's left arm between the belt and the shaft in such manner that he was drawn to and revolved with said shaft and was thereby injured.

"The second count varies from the first in eliminating the allegations of negligence founded upon the failure to stop the shaft.

"The third count differs from the first in that it alleges that the belt in question frequently got out of repair; that a portion thereof about four feet long should have been removed and its place supplied with another piece, but that defendants, not regarding their duty in that behalf, caused said portion to be fastened together with staples or tacks, thereby rendering the service of the plaintiff more hazardous, and that thereupon appellee, shortly before the injury, 'objected to defendants about the use of said belt so tacked together' and requested them to have the belt properly repaired, and that they promised appellee to have the same repaired; that appellee, relying on this promise, continued in the performance of his duties for a reasonable time to permit the performance of said promise, but that defendants wholly neglected and failed to provide a new belt or properly repair the belt in use, by reason whereof it frequently broke. This count

then proceeds as the first, except it alleges that the injury was occasioned by reason of the defective belt and the defective manner of its repair, and by reason of the staples or tacks in the belt."

The third count, however, contained a further allegation which is inconsistent with the foregoing allegation of knowledge of the use of staples namely: "and while the plaintiff was' shifting or drawing the said belt over said shaft and without knowledge on his part of the danger of said defective belt and the defective manner of its repair, and by reason of the staples and tacks in said belt, said staples and tacks caught the left arm of the plaintiff," etc..

The first count was amended by alleging that plaintiff "was commanded by said Constance V. Peterson to climb to and stand upon an angle bar, etc., and in obeying said command it was necessary" to support himself, etc.; and also it was the duty of defendant company to provide a reasonably safe place in which to work and furnish the plaintiff with a reasonably sound, suitable and safe belt and appliances with which to work so that plaintiff and other employes engaged in the repair of said belt should not be injured. Yet the defendant not regarding its duty in that regard wrongfully, negligently, etc., failed to provide a suitable platform, etc., and negligently allowed said belt to be worn out, and improperly repaired with staples and tacks, which was unknown to the plaintiff, and the danger of repairing said belt with said staples or tacks and working about a belt repaired with staples or tacks was unknown to the plaintiff, all of which was known to the defendant company, etc., and while the plaintiff in the exercise of due care and without knowledge of the danger of his position or the improper manner in which said belt had been repaired, etc.

The second count was amended by inserting allegations as to the orders given by Peterson concerning the repair of the belt and the danger of repairing it while it was suspended over the shaft in rapid motion, of

which danger plaintiff did not know and which the defendant did know and also by inserting an allegation concerning the repairing with staples and tacks, similar to the allegation in the first count.

In the third count, the amendment eliminated therefrom that portion of the count, which was construed to allege that the plaintiff had knowledge before the injury that the belt had been repaired with staples and tacks; and by inserting in lieu thereof an allegation that plaintiff had no knowledge of such repairs with staples, etc. The fourth count is substantially the same in its allegations as the amended third count.

The defendant company filed pleas of the general issue and of the statute of limitations that the supposed cause of action in the amended declaration and each count thereof is another and different cause of action than the supposed cause of action in the original declaration, and the supposed cause of action in the amended declaration and each count thereof did not nor did any of them accrue within two years next before the filing of said amended declaration. The court sustained a demurrer of the plaintiff to the pleas of limitation, and the defendant company abided by its pleas. On a trial, the jury returned a verdict in favor of plaintiff for $11,000. Motions for a new trial and in arrest were overruled, and judgment was rendered on the verdict for $11,083, being the amount of the verdict and interest thereon to the day of judgment. The company appeals to this court a second time.

RICHARD JONES, JR., and PEEK & DIETZ, for appellant.

W. R. MOORE, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

It is contended that the cause of action stated in the amended declaration is not the same cause set forth in the original declaration, and that the court erred in sustaining the demurrer to the pleas of limitation.

The supposed negligence of the defendant company which was declared upon in the original third count was the alleged negligent manner in which the company had previously caused the belt to be repaired, to wit, with staples and tacks, and connected therewith the order, of the foreman to plaintiff, to assist in its repair at the time he was injured with the requirement that he should climb upon the elevated angle iron. This original count contained the two inconsistent allegations (1) that the "plaintiff repeatedly, and shortly before the injury, objected to defendants about the use of said belt, so tacked together, and repeatedly and shortly before said injury required defendants to have said belt properly repaired and said defendants promised" etc., and (2) "and while the plaintiff was shifting or drawing the said belt over said shaft and without knowledge on his part of the danger of said defective belt and the defective manner of its repair." The proof showed on the former appeal that plaintiff had no knowledge of the repair of the belt by the use of staples or tacks, and there being an allegation that he had such knowledge, there was a variance between the proof and the allegation; the case was reversed because of the variance, the court holding that the allegations must be taken most strongly against the pleader. The amendment in the trial court after the case was remanded only eliminated one of the inconsistent allegations.

"In a case like the one under consideration the cause of action may be regarded as the act or thing done or omitted to be done by one, which confers the right upon another to sue,—in other words the act or wrong of the defendant which causes a grievance for which the law gives a remedy." Swift & Co. v. Madden, 165 Ill. 41; Swift & Co. v. Gaylord, 229 Ill. 330. The original third count was a defective statement of plaintiff's cause of action. The amendments filed to the declaration amount to nothing more than a re-statement of the cause of action. The negligent

act of the defendant alleged in both the original and amended declarations was the negligent repairing of the belt by means of staples or tacks. "If a suit is brought in apt time and a declaration duly filed stating a cause of action, although imperfectly, subsequent amendments, though filed after the statute of limitations has run, will not be thereby barred if they amount to more than a re-statement, in different form, of the cause of action originally declared upon." Swift & Co. v. Gaylord, *supra*. When an original declaration alleges two separate and distinct causes of injury in the same count and a demurrer is sustained on the ground of duplicity, additional counts filed more than two years after the cause of action occurred, alleging the causes of action in separate counts, but which were in the original defective count, do not state a new cause of action. North Chicago City Ry. Co. v. Aufmann, 221 Ill. 614. Failure in an action for negligence to allege due care on the part of the plaintiff amounts merely to a defective statement of the cause of action and does not bar the right to file an amended count more than two years after the injury occurred. In such a case a demurrer to the plea of the statute of limitations is properly sustained. Chicago City Ry. v. Cooney, 196 Ill. 466; Madl v. Chicago City Ry. Co., 121 Ill. App. 602. Amendments to original counts and an additional count merely restating in different form the same cause of action mentioned in an original declaration, or properly pleading a cause of action defectively stated in an original declaration, do not present a new or different cause of action. North Chicago Rolling Mill Co. v. Monka, 107 Ill. 340; Swift & Co. v. Foster, Admr., 163 Ill. 50; Griffin Wheel Co. v. Markus, 180 Ill. 391; C. & E. I. R. R. Co. v. Wallace, 202 Ill. 129; Chicago City Ry. Co. v. McMeen, 206 Ill. 108; South Chicago Street Ry. Co. v. Kinnare, 216 Ill. 451; City of Evanston v. Richards, 224 Ill. 444; Town of Cicero v. Bartelme, 212 Ill. 256. The amended declaration only pleading the same cause of action de-

fectively stated in the different counts of the original declaration, there was no error in sustaining the demurrer to the pleas of the statute of limitations.

It is argued that the court erred in permitting the witnesses, Pickup, Witte and Peterson, to testify concerning the proper manner of repairing belts and that when belts are repaired with staples they have a tendency to straighten out so that the points would stick up, the objection of the defendant being that the witnesses were not experts in that line. The abstract does not show any objection to this evidence or exception to any ruling concerning this evidence. By rule 16 of this court abstracts must show every exception relied upon and that part of the record relied upon which supports the ruling complained of. These not being shown the defendant is not in a position to raise the question. The abstract does show that Pickup and Witte testified that they had worked for the defendant company in the line of repairing belts for several years, and Peterson testified that he had worked around belts for twenty-five years and that he well knew how they should be repaired. The witnesses properly qualified as experts, and there was no error in admitting their testimony even if an objection was made thereto.

The evidence in this record is very similar to the evidence in the former appeal as it is stated in the former opinion of this court and the Supreme Court. As was stated in the opinion of this court: "A careful reading of the testimony convinces us that the court properly submitted to the jury to determine whether the plaintiff was guilty of contributory negligence, and a consideration of the whole evidence leads us to conclude that we would not be justified in disturbing the verdict and judgment on the ground that they are contrary to the testimony. This case in many respects is not unlike Hartrich v. Hawes, 202 Ill. 334."

It is very earnestly insisted that the plaintiff assumed the risk arising from the alleged negligence prov-

able under the first two counts of the declaration as amended. Even if that contention was correct still the judgment can be sustained under the remaining counts, but we are of the opinion that by the amendment of the first and second counts they merely state in a different form the cause of action stated in the third count. If there is one good count the judgment will be sustained if supported by the evidence. Consolidated Coal Co. v. Scheiber, 167 Ill. 539; Olson v. Kelly Coal Co., 236 Ill. 502.

The only other question presented for review is the contention that the verdict is excessive. The plaintiff, a blacksmith's helper twenty-four years of age, sustained the loss of his left arm below the elbow. The evidence shows he was earning before the injury one dollar and sixty cents per day, working eight hours. He now earns one dollar and fifty-three cents per day working twelve hours. If he worked the same number of hours his annual financial loss would be less than two hundred dollars. Interest at five per cent on the amount of the judgment would be $550 and he would have the principal in addition. It is true he has suffered much pain and will be inconvenienced all his life. It is also true that a pecuniary value cannot be placed upon an arm, but the law only gives pecuniary compensation, unfeeling and heartless though it may appear; but we must hold a verdict to be excessive which gives him at once the principal of a sum the interest of which is larger than the wages he was earning at the time of the injury, when it appears the plaintiff is still able to earn near the amount of wages he earned before the injury. This court will require a *remittitur* of $3000 which will leave his earnings and interest $200 a year in excess of his earnings before the injury and he also will be the owner of the principal of the judgment in addition.

This opinion will be lodged with the clerk, and if a *remittitur* of $3000 is filed within seven days it will be affirmed at the costs of the appellee; otherwise it

will be reversed because of the excessive damages allowed.

Appellee having filed herein a *remittitur* of $3000 the judgment will be affirmed for the balance, at the costs of appellee.

*Affirmed with remittitur.*

DIBELL, J. I dissent from so much of the foregoing opinion as relates to the amount of the verdict, and requires a reduction of the judgment or a reversal.