# Henry Madl, Administrator, Appellee, v. Chicago City Railway Company, Appellant.

## Gen. No. 16,133.

1. RES ADJUDICATA—*when former opinion not.* An opinion by the appellate court upon a former appeal in the same case is not binding if after its rendition the supreme court has determined the law to be otherwise than as therein stated.

2. PLEADING—*effect of failure to demur.* If a defendant desires to question the sufficiency of a declaration he should demur to it or move in arrest of judgment, and if he fails to do either he should be held to have admitted the sufficiency thereof.

3. PLEADING—*when absence of specific averment of due care cured.* If a declaration in a personal injury case does not specifically aver the exercise of due care by the plaintiff such defect will be cured if the defendant did not demur to the declaration, did not move in arrest of judgment, and by intendment it could be said from the allegations of fact contained in the declaration that due care was exercised and the proof offered was sufficient to establish the exercise of due care.

4. PASSENGER AND CARRIER—*duty of latter where former rides upon footboard.* Where no seats are furnished and the carrier permits a passenger to ride on the footboard the carrier assumes the duty of exercising the care demanded by the circumstances, that is to say, the highest degree of care, vigilance and foresight for the safety of the passenger which it could reasonably do in view of the character and mode of conveyance adopted consistent with the practical operation of its cars at the place where the collision occurred.

5. PASSENGER AND CARRIER—*duty of latter in approaching gateway.* Where the habitual use of a gateway by the public in driving therethrough is known to the carrier and the danger of collision is probable, it is the duty of those in charge of a traction car to approach such place with the car under full control and particularly so when the footboard next to the gateway is crowded with passengers.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the HON. CHARLES M. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed February 14, 1912. *Certiorari* denied by Supreme Court (making opinion final).

SAMUEL S. PAGE and WATSON J. FERRY, for appellant.

JAMES R. WARD, for appellee.

MR. JUSTICE DUNCAN delivered the opinion of the court.

This action for personal injuries is brought by Henry Madl, administrator and appellee, to recover damages in consequence of the alleged negligence of appellant, Chicago City Railway Company, and Lake Shore and Michigan Southern Railway Company and Chicago, Rock Island and Pacific Railway Company, resulting in the death of Henry Alfred Madl. The last two railway companies were found not guilty by the jury; but a verdict and judgment in the sum of $1,300 were rendered against appellant, its motion for a new trial and in arrest of judgment having been overruled by the court, and by this appeal appellant seeks to reverse that judgment. Two reasons are assigned by appellant for the reversal of the said judgment; (1) that the cause of action was barred by the statute of limitations; and (2) that the verdict is not justified by the evidence.

*First.* The first contention of appellant was decided adversely to it by the Branch Appellate Court at the October term, 1904, in this same case on an appeal by the administrator. We refer to the opinion of the court in 121 Ill. App. 602, where will be found a sufficient statement of the case, so far as this question is involved, and the reasoning of the court in arriving at its conclusion. We would be inclined to regard the decision of the Branch Appellate Court as binding and conclusive upon the Circuit Court and upon this court under the holdings in Zerulla v. Supreme Lodge, 223 Ill. 518, and without further comment, but for the fact that since the filing of said opinion the Supreme Court has filed an opinion in Walters v. City of Ottawa, 240 Ill. 259, which is apparently in conflict with the Branch Appellate Court's decision. It was formerly held by our Supreme Court in the causes of I. C. R. R. Co. v. Simmons, 38 Ill. 242; Cox v. Brackett, 41 Ill. 222; Con-

·solidated Coal Co. v. Wombacher, 134 Ill. 57; B. & O. S. W. Ry. Co. v. Then, 159 Ill. 535, that in an action on the case to recover damages for personal injuries an averment in the declaration of the exercise of ordinary care on the part of the plaintiff is not necessary. The same doctrine is apparently sustained in Chicago C. Ry. Co. v. Cooney, 196 Ill. 466; and the Branch Appellate Court expressly based its decision upon this case, it being then the latest holding of the Supreme Court upon the question. It is also positively held by our Supreme Court that a declaration in such a case which does not aver due care on the part of the plaintiff, and does not contain any averment in regard to his conduct, or the circumstances·surrounding him from which ·due care on his part may be reasonably inferred, does not state ·a cause of action, ·and, after the period of limitation fixed by the statute has elapsed, cannot be amended to state a cause of action not subject to the bar of the statute. This must be held to be the law now as it is the latest holding of the Supreme Court. Walters v. City of Ottawa, *supra,* and cases there cited.

If ·a defendant desires to question the sufficiency of a ·declaration, he should demur to it, or move in arrest of judgment; and, if he fails to ·do either, he should be held to have admitted the sufficiency thereof. C. B. & Q. R. R. Co. v. Warner, 108 Ill. 538; Ide v. ·Fratcher, 194 Ill. 552.

The declaration in this ·case would be clearly and fatally defective if attacked by demurrer, as all intendments must in such case be solved against the pleader and nothing will suffice, by way of inference or implication, in his favor. ''But on motion in arrest of judgment * * * the court will intend that every material fact alleged in the declaration, or fairly or reasonably inferable from what is alleged, was proved at the trial, ·and if, from the issue, the fact omitted and fairly inferable from the facts stated in the declaration may fairly be presumed to have ·been proved, the judgment will

not be arrested." Gerke v. Fancher, 158 Ill. 375; Pa. Co. v. Ellett, 132 Ill. 654.

Appellant did not attack the declaration in this case by demurrer, but simply relies on its motion in arrest. In the first amended declaration of appellee of July 3, 1903, which date was less than two years after the intestate's death, is in substance this averment: that Henry Alfred Madl became and then and there was a passenger of the appellant in its said street car and that while he was so a passenger then and there upon said street car to be carried for hire upon the same as a passenger, a certain horse and vehicle was then and there driven through said gateway to and upon the street railway tracks of appellant, and that appellant's employes so carelessly, rapidly and improperly drove and operated said car that the said car ran against said horse and vehicle with great force and violence, whilst said Madl was then and there a passenger on said car, whereby he was forced against said horse and shafts of said vehicle with great violence, and thrust between said horse and car and crushed and killed, and that he was an infant of the age of fifteen years, etc.

It is also averred in the declaration that the tracks of appellant ran southward at the place of the accident; that not more than three feet west of the west rail of appellant's track there was a brick wall ten feet high and extending southward beyond the place of the accident and along the side of appellant's track, in which wall was the gateway or opening used by the public for travel by horses and vehicles in crossing appellant's tracks; that as the car traveled southward towards this gateway or opening, the said car struck the horse and vehicle as they came through the gateway and onto the tracks of appellant. The conclusion necessarily and reasonably follows that the horse and vehicle were thrown against and held by the wall and that the deceased by reason thereof was crushed by the force of the car running by the horse and vehicle while so held,

and after he had been thrown between the side of the car and the horse. From these averments we can fairly and reasonably draw the inference that the deceased was riding on the car, and was being carried thereon by appellant, as a passenger, and that while he was so riding and being carried he was thrust against said horse and shafts and thrown between the side of the car and the horse and crushed. It is not a reasonable and natural inference, as suggested by appellant, from the foregoing averments that the deceased may have been riding on the top of the car or on the bumper, or on some other portion of the car not provided for passengers, and in which he had no business to be. Passengers when riding and being carried as passengers on a car are not usually found in such places. If the deceased was on the top of the car, or on the bumper, when struck, it is inconceivable how he could have been struck by the horse and shafts and thrown between the side of the moving car and the horse. As was said in Gerke v. Fancher, *supra*: "While these averments may not be in all respects tantamount to an averment that the plaintiff was in the exercise of due care, they tend to show its exercise, and if sustained by proof would, as we think, have justified the jury in finding that the plaintiff was free from contributory negligence." The declaration must therefore be held sufficient, if we give the appellee the benefit of the presumptions which arise after verdict.

*Second.* We also think that the verdict is amply supported by the evidence in the case and the admissions of appellant. The evidence shows that appellee's intestate was standing on the footboard on the west side and about midway of the car along with a number of other passengers, when he was injured. He had been thus riding from the time he became a passenger, because of the fact, which was abundantly proved, that the car was crowded with people, so that there was no room for him inside the car. The conductor in charge

of the car was presumed to know this, and he must have known it. It is not negligence, as a matter of law, for a passenger to stand on the footboard in an exposed position, and particularly if the car be so crowded that he cannot ride inside the car. In each particular case the question of negligence is one of fact for the jury. Where no seats are furnished and the carrier permits a passenger to ride on the footboard, the carrier assumes the duty of exercising the care demanded by the circumstances, that is to say, the highest degree of care, vigilance and foresight for the safety of the passenger which it could reasonably do in view of the character and mode of conveyance adopted, consistent with the practical operation of its cars at the place where the collision occurred. North C. St. R. R. Co. v. Polkey, 203 Ill. 225; Same v. Shreve, 226 Ill. 530.

It was admitted by appellant in this case "that the said car struck the horse and wagon, whereby the said Henry Alfred Madl, a passenger, was forced against said horse and the shafts of said vehicle with great force and violence, and thrust between said car and said horse and crushed, bruising and lacerating and wounding his limbs and body and permanently and mortally injuring him, of which said injuries so afflicted as aforesaid, he the said Henry Alfred Madl died, July 14, 1901." It was also proved that the deceased was fourteen years of age; that he boarded the car about six o'clock on the evening of May 29, 1901, paid his fare, and rode to the place of the collision in that position until he was thrown therefrom by the collision with the horse and wagon, as it came through the opening in the wall; that the car was then running at a speed of from six to ten miles an hour; that the motorman saw the head of the horse coming through the opening when about four to eight feet north of the opening; that the car struck the horse on the shoulder turning it southward, and knocked it down between the wall and the car, and after striking the horse the

car ran past the opening leaving the north end of the car about two feet south of the opening, after the motorman, according to his claim, had applied the brakes, and reversed the current, the width of the opening being ten feet and the length of the car thirty feet.

The evidence further disclosed that the opening in this wall and a plank roadway westerly therefrom, and a crossway then easterly of the gate over appellant's track, had been used by the public in driving teams to and from the landing at the foot of Fourteenth street on the river for years prior thereto, and that appellant's employes who operated the car were familiar with these facts. A consideration of the foregoing facts by the jury warranted them in finding that the defendant was guilty of negligence which caused the death of the appellee's intestate, and that the deceased was not guilty of any negligence that contributed to his injury. The habitual use of the gateway in question by the public in driving teams therethrough was so well known to appellant, and the danger of such a collision so probable, as to make it the duty of appellant to approach the place with the car under full control, and particularly so when, as in this case, the footboard next to the gateway was crowded with passengers, because there was no room for them inside the car.

Finding no reversible error in this record, the judgment of the court is affirmed.

*Judgment affirmed.*